### Bill Nash v. The State.

*No. 750.   Decided October 21.*

**1. Recognizance—Disturbing Religious Worship.**—A recognizance for appeal which states, that appellant " stands charged with the offense of willfully disturbing a congregation assembled for religious worship," etc., *held,* to be sufficient without setting forth the particular manner and means of disturbance.

**2. Same — Cases Distinguished.** — While it is necessary that an indictment should specifically allege the manner and means of disturbance, this is sufficiently complied with in a recognizance for disturbing religious worship when the recognizance recites the offense as " willfully disturbing a congregation assembled for religious worship and conducting themselves in a lawful manner." McGee v. The State, 7 Texas Criminal Appeals, 99; McKay v. The State, 8 Texas Criminal Appeals, 672; and Mullinix's case, ante, page 116, distinguished.

**3. Disturbing Religious Worship—Charge—Special Instruction.** See facts stated in the opinion upon which it is *held,* that under the peculiar circumstances of the case, the charge of the court, as given, was insufficient, and it was error to refuse a special requested instruction to the effect that the offense of which defendant was charged was " willfully disturbing a congregation assembled for religious worship *and conducting themselves in a lawful manner.*"

APPEAL from the County Court of Hopkins.   Tried below before Hon. J. M. MORRIS, County Judge.

Appellant was prosecuted by information for a disturbance of religious worship, and was at his trial convicted, with the punishment assessed at a fine of $25.

The facts are concisely, but lucidly, stated in the opinion.

*Templeton & Crosby,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Motion to dismiss appeal, because the offense named in the recognizance is not that charged in the information.

The information charges, that appellant did, by loud, vociferous talking and swearing, willfully and unlawfully disturb a congregation assembled for religious worship.   The recognizance states, that appellant " stands charged with the offense of willfully disturbing a congregation assembled for religious worship," etc.

The objection to this recognizance is, that it does not set forth the manner or means by which the congregation was disturbed.   If a congregation assembled for religious worship, conducting themselves in a lawful manner, is willfully disturbed in *any manner,* the offense is precisely the same as if it had been disturbed by loud, vociferous talking and swearing.   While it may be necessary for the indictment to allege the manner,

this is not required in a recognizance. The McGee and McKay cases, 7 Texas Criminal Appeals, 99, and 8 Texas Criminal Appeals, 672, are not in point. In those cases the recognizances were adjudged bad because they did not state that the appellants willfully disturbed the congregation. In the Mullinix case, ante, p. 116, the recognizance failed to state that the congregation was conducting themselves in a lawful manner.

*Motion overruled.*

SIMKINS, JUDGE.—Appellant was convicted, in the County Court of Hopkins County, of the offense of disturbing religious worship, and his fine assessed at $25, from which he appeals.

The court charged the jury, that defendant was charged with the offense of willfully disturbing religious worship, in Hopkins County, by loud and vociferous talking. Appellant excepted to this charge, on the ground that it stated no offense known to the law, and asked a special charge, to the effect that the offense of which he was charged was of willfully disturbing *a congregation* assembled for religious worship and conducting themselves in a lawful manner, which was refused by the court, and appellant excepted. Under the peculiar facts of this case, we think this was error.

It seems that one of the members of this church, who had acquired the sobriquet of "Camptime," was in the habit of praying very loudly, and praying for the appellant by name, as being a very wicked and mean person. Appellant became restive under these repeated prayerful assaults upon his reputation, before his neighbors and friends and strangers, and appealed to one of the deacons of the church to put a stop to it, and was told he was powerless in the premises. On the night in question, appellant attended church with some friends, and Brother "Camptime" was unusually zealous in his prayers for appellant's lost condition. After service was over, the preacher began to take up a collection to buy a sick sister some whisky, and requested Brother "Camptime" to sing during the collection, and appellant, in an ordinary voice, protested against "Old Camptime doing any more, saying he had done enough, and he would neither give anything or attend another meeting if Camptime was allowed to run it." We think it would have been well if the jury had been clearly instructed, that the congregation, to be protected from disturbance, must be conducting itself in a lawful manner.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.