ROBERT WILLIAMS v. THE STATE.

No. 1335. Decided November 1, 1911.

**Theft of Hog—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions, the overruling of a motion for continuance can not be reviewed on appeal. Following Trevino v. State, 38 Texas Crim. Rep., 64, and other cases; besides the testimony of the absent witness was not probably true.

Appeal from the District Court of Panola. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brooke & Woolworth,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was indicted by the grand jury of Panola County on the 25th of March, 1911, charged with the theft of a hog, and on a trial was adjudged guilty and his punishment assessed at two years confinement in the penitentiary.

The case was called for trial on the 13th day of April, and at this time appellant filed a motion for continuance on account of the absence of Emma Grant, his mother-in-law, by whom he stated he expected to prove that at the time of the alleged theft said Emma Grant was doing the house work and cooking for this defendant, because defendant's wife was sick in bed and unable to attend to said duties, and that said witness by reason of such facts had knowledge of all the meat and other food that was brought to said house; and defendant expects further to prove by said witness that no hog meat of any kind was brought by the defendant at or near said time of the alleged commission of said offense to said house. It appears that when appellant was arrested he had a subpoena issued for this witness, but it was not served because the witness had crossed the State line and gone into Louisiana temporarily. This motion might present ground for the reversal of this case if the action of the court in overruling it had been excepted to at the time, and a bill of exceptions preserved. In the record, however, there is no bill of exceptions to the action of the court in overruling the motion for continuance, and in the absence of a bill of exceptions we can not review the action of the court in so doing. Trevino v. State, 38 Texas Crim. Rep., 64; Lerman v. State, 40 S. W. Rep., 286, and authorities cited under section 645 of White's Annotated Code of Criminal Procedure.

This is the only ground relied on in the motion for a new trial, but we have carefully read the record, including the statement of facts, and we are of opinion that if the witness had so testified, it

would not have probably been true, when we consider the testimony in the case, especially that of Mr. J. M. Hickey, the landlord of defendant, who testified that appellant told him he had killed the hog and carried the meat to his mother-in-law's, the witness, Emma Grant. The hog, under this testimony, was not in the field at the time it was killed, but carried there after it was killed.

The judgment is affirmed.

*Affirmed.*