Fleming Johnson v. The State.

No. 6412.   Decided November 2, 1921.

1.—Murder—Race Discrimination—Petty Jury—Practice in Trial Court.

Where defendant, who was a negro man, complained of racial discrimination in the selection of a petty jury to try him for the murder of a white man, it appeared from the record on appeal that there was no plea of discrimination against the colored race on the part of the jury commissioners, and the plea did not show on its face as to what official committed the said discrimination, or was instrumental therein, and moreover, the plea was not supported by any evidence upon its hearing, there was no reversible error.

2.—Same—Copy of Indictment—Service—Practice on Appeal—Date.

Where it was made to appear by the court's explanation attached to appellant's bill of exception that the clerk, in preparing copy of said indictment wrote out the words "One thousand nine hundred and twenty-one," and then marked out the word "one," there was no error in overruling the motion to quash the service of the copy of the indictment served upon the defendant.

3.—Same—Objections to Questions—Practice in Trial Court.

Where defendant objected to a question propounded by the State to a witness, after the answer of the witness was given, and there was no motion to strike out the answer, etc., the motion was correctly overruled, and there was no reversible error.

4.—Same—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of that offense, with life imprisonment, the evidence is sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Lamar.   Tried below before the Hon. A. P. Dohoney.

Appeal from a conviction of murder; penalty, life imprisonment in the penitentiary.

The opinion states the case.

*R. B. Johnson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Lamar County of murder, and his punishment fixed at confinement in the penitentiary for life.

By his bills of exceptions Nos. 1 and 2 appellant, who is a negro man, complains of racial discrimination in the selection of a petit jury to try him for the murder of a white man, it being alleged that there were no negroes on said petit jury and that they were excluded therefrom because of their color and race, it being stated in the body of said bill of exceptions No. 2 that appellant offered to prove such fact

upon presentation of his motion to quash the venire, but that the trial court refused to hear such evidence. It is made to appear from the court's qualification of bill of exceptions No. 1, which was accepted by appellant and filed with said explanation attached, without objection, that a regular list of jurors for the term had been drawn by the jury commissioners appointed at the preceding term of court, from which the district clerk in open court drew the special venire for use in the instant case. No plea of discrimination against the colored race on the part of the jury commissioners, was made in said motion, same setting up that such discrimination was indulged in by the district clerk in drawing the particular venire list, and by the sheriff in summoning same. On its face this last allegation would appear confusing. If the district clerk purposely refused to draw any negroes on the venire list, this would seem to remove from the sheriff discretion or power to discriminate in the summoning, inasmuch as he could only summon those whose names appeared on said list. If the clerk drew the names of negro jurors and furnished to the sheriff a venire list with such names thereon, and it was shown that the sheriff refused to summon them, then a charge of discrimination might be laid at the sheriff's door, but same would not obtain against the clerk. However, upon hearing of said motion, as appears from the court's explanation attached to bill of exceptions No. 2, which is also accepted and filed by appellant without objection,—that when said motion was presented by appellant his counsel argued same, and the trial court asked him if he had anything further to offer in support thereof, and upon the statement of said counsel that he had nothing further the court overruled said motion. This was correct. If appellant had evidence to support the allegations of his said motion in reference to the discrimination mentioned, same should have been brought forward at this time. Further, in this connection, the trial court certifies that when the motion for new trial herein was heard, he again offered to hear the testimony supporting said allegation of discrimination, but appellant's counsel declined to introduce same. The burden of proof in a matter of this import is upon the appellant, and is not met by his affidavit to the motion to the effect that the matters therein are true to the best of his knowledge and belief, nor would a tender of witnesses, which consisted only of naming certain parties in his motion by whom he alleged said matters could be proved, be sufficient to meet the obligation resting upon appellant to show by affirmative evidence the truth of his allegations of discrimination. No reason appears for appellant's refusal to introduce proof if any there was. The record discloses that there was one negro on the grand jury which returned the indictment against appellant, and in the absence of any testimony supporting the contrary view, this court presumes the law was followed, and that there was no discrimination against appellant because of his race, or for any other reason.

Appellant also moved to quash the service of a copy of the indictment upon him, thus seeking a delay apparently of the trial of the case

for the statutory term of two days allowed to the accused after service of such copy, the ground of the motion being that the copy of the indictment served upon him showed the offense to have been committed on December 20, 1921,—an impossible and incorrect date, and one subsequent to the return of the indictment. It is made to appear by the court's explanation attached to this bill of exceptions, that the clerk in preparing the copy of said indictment wrote out the words "one thousand nine hundred and twenty-one," but that he marked out the word "one" by drawing a line across it with his pen after same was written. We are of opinion that as thus qualified no error appears in regard to this matter.

Appellant objected to a question propounded by the State to a witness, the objection being made after the answer of the witness was given. No motion to strike out said answer was made, nor is any reason assigned why the objection was not made before the answer was given. A bill of exceptions in this condition is held by us to present no error.

This disposes of all of the contentions made by appellant in his brief. A statement of the facts appearing in the record would seem to serve no useful purpose. Mr. Wilson, the keeper of a store in what was apparently a negro community, was killed by being struck in the back of the head with an axe. Witnesses who were at the scene of the killing gave testimony which makes it morally certain, if they were telling the truth, that appellant struck the blow. There was other evidence showing him in the immediate vicinity at the time, and before and afterward. Appellant seemed unable to employ counsel, but the court appointed counsel for him who seems to have ably presented all matters available on behalf of appellant.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*