HERBERT COCHRANE v. THE STATE.

No. 16288.   Delivered January 10, 1934.
Reported in 67 S. W. (2d) 313.

The opinion states the case.

*J. F. Taulbee,* of Georgetown, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the state penitentiary for a term of seven years.

The facts adduced upon the trial are substantially as follows, to-wit: On the night of March 20, 1933, Walter Price, Herbert Cochrane, Connard Holland and Robert Pringle went on an inspection tour from San Antonio, Texas, to Johnson City, Marble Falls, Burnett, and Liberty Hill, returning to San Antonio early in the morning of March 21st. On the night of March 21st, said four parties went back to Liberty Hill, arriving there about 12 o'clock on said night. They stopped their car near the store of Mr. Adams. The nightwatchman, Frank Brown, observed them and started towards the car and when within a few feet of the car, the defendant, Pringle and Price took charge of the nightwatchman, disarmed him, and put him in an automobile, drove some distance out in the country, put adhesive tape over his eyes and his mouth and taped his hands together, then returned to the store of Mr. Adams, knocking a panel out of a side door, which enabled them to remove the latch, open the door and enter the same. After entering said store they proceeded to knock the knob off the safe and open it, take therefrom money and checks and then proceeded to the cash registers and rifled the same, also taking some cartons of cigarettes. After having completed the job, they took the nightwatchman back to the car, where one of the men guarded him while the others left and were gone for an hour or more before they returned; then they went back to San Antonio to the home of Mr. Pringle, where they divided the loot which was approximately $600.00. The nightwatchman, who testified on behalf of the state, said that his right eye was not completely covered by the adhesive tape and that he could see and recognize the defendant as one of the men who knocked the knob off the safe with a sledge hammer. Robert Pringle, an accomplice, testified for the state relating the facts in substance as above outlined and connecting the defendant with both of the trips to Liberty Hill and with the burglary of the Adams store.

By bills of exception Nos. 1 and 2 the appellant complains of the action of the trial court in permitting the state to prove by Mr. Brown, the nightwatchman at Liberty Hill, that after he was led out of the store building to the car one of the men guarded him while the others went off and broke into other stores, to which defendant objected because the offense of which the defendant is charged was completely established by the evidence of the watchman and proof of other burglaries than the one alleged in the indictment was prejudicial to the defendant, which objection was by the court overruled and the defendant excepted.

By bill of exception No. 3 the appellant complains of the action of the trial court in permitting the District Attorney to ask the witness, Mr. Pringle: "Now after you went into the safe in the first store, then what was done with Mr. Brown?" A: "We taken him back to the car." Q: "Did anyone stay with him?" A: "Yes, Walter Price." Q: "What did you and Herbert Cochrane and Holland do?", to which the appellant objected because the offense of burglary for which the defendant is on trial was complete by said testimony and because it tends to show another offense other than that for which the defendant is being tried, which objection was by the court overruled and the witness was further permitted to testify: "After we left Walter Price with Mr. Brown there at the car, we remained in Liberty Hill about two hours and then we came back to the car, when we put Mr. Brown back into the store of Mr. Adams and we came back to the car and left for San Antonio, arriving there about six o'clock."

The appellant takes the position that it was highly prejudicial to him for the court to permit the state to prove by Mr. Brown that other stores in the town of Liberty Hill, Texas, were entered on the same night that Mr. Adams' store was entered and burglarized and the safe robbed and to permit the District Attorney to ask Mr. Pringle what they did after they went into the safe at the first store and while they were in the first store whether there was anything gotten other than the money and the checks.

The appellant's objection to the testimony of the witness Brown was that the burglary was complete and also to anything that was done in the future, to which the District Attorney replied, "All right," and there the matter ended. It is evident that the witness volunteered the statement, "They went off and broke into those other stores," but the appellant did not ask that said statement be stricken out or withdrawn from the consideration of the jury, which he should have done. However,

the appellant relied upon the plea of alibi and in support thereof introduced a number of relatives who by their testimony supported his said plea of alibi. We are of the opinion that under such circumstances it was perfectly permissible to prove other contemporaneous burglaries, especially in view of the fact that the parties who broke into the Adams store did not get much over $200.00 in money besides a watch and some cigarettes, but the loot brought to San Antonio and divided among Walter Price, Connard Holland, Robert Pringle and the appellant amounted to something like $600.00, some of which came from some other source than the Adams store. This would tend to identify the defendant and connect him with the burglary at the time and place alleged in the indictment and tend to disprove his plea of alibi. Again, the appellant, Price, Holland, and Pringle had formed a conspiracy to commit burglary and in pursuance of that conspiracy they made an inspection tour of various towns on the night of March 20th and on the succeeding night, in furtherance of their preconceived plan to commit burglary, they went to Liberty Hill and committed several burglaries. The testimony objected to tended to corroborate the testimony of the accomplice Pringle, who testified to the existence of the conspiracy to commit burglary and who testified to the commission of the burglary, the defendant's participation therein, and the division of the loot at his home among the appellant, Price, Holland, and himself. We are of the opinion that even though a proper objection had been made to the admission of the testimony of the commission of other burglaries in the town of Liberty Hill on said night, that said testimony would nevertheless have been admissible for the reasons hereinabove stated, and in support of the views herein expressed we refer to the case of Fielder v. State, 49 S. W., 376, and the case of Hamilton v. State, 24 S. W., 32. We are not unmindful, however, of the decision rendered by Judge Brooks in the case of Hill v. State, 73 S. W., 9, holding to the contrary. However, Judge Davidson and Judge Henderson declined to agree with Judge Brooks in overruling the case of Kelly v. State, 20 S. W., 365; Fielder v. State, supra, and Hamilton v. State, supra. What we have said with reference to bills of exception Nos. 1 and 2 applies with equal force to bill of exception No. 3.

Bills of exception 4 and 5 appear not to have been approved by the trial court and therefore are not properly before this court for consideration.

Finding no reversible error, the judgment of the trial court is in all things affirmed.                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.