J. R. HUFF V. THE STATE.

No. 22175. Delivered June 10, 1942.
Rehearing Denied November 25, 1942.

The opinion states the case.

*M. Neal Smith,* of Longview, for appellant.

*Fred Erisman,* Criminal District Attorney, and *Mike Anglin,* Assistant Criminal District Attorney, both of Longview, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with assault to murder Clyde Deramus and upon conviction was given four years in the penitentiary.

The principal actor in this drama, besides appellant and the injured party, is a woman named Jessie Linville, who was formerly married to the appellant. Appellant was convicted in Wichita County and sent to the penitentiary for seven years after which she seems to have engaged herself in marriage enterprises which, at the time of the trouble in question, found her with her last husband in the penitentiary and the appellant, her former husband, as an insistent suitor as was probably the injured party. Appellant claims to have been supporting her and was arranging to re-marry her. On a visit to her home he found Deramus there and insisted that it was Linville and gave orders that he must leave. Returning on a subsequent occasion, he found the two absent from home attending a picture show together. He waited for their return, at which time he shot Deramus under his claim of self-defense.

The only bill of exception in the case complains of the testimony of Mrs. Linville who, in describing the affair together with the things which preceded it on the former occasion, said: "There wasn't any more conversation that night, Huff left, only I had a conversation with the boy (apparently meaning Deramus). I told him Huff was a killer."

The attorney who tried the case does not present the appeal, and the only action which he took was to say, "We object to that." No motion was made to strike the evidence from the record and no instruction to the jury on the subject was requested. The court made no reply, either to sustain or overrule the objection as stated, and it would be difficult to frame a ruling on the court's part. It appears to have been perfectly in order for the witness to say that there were no more conversations that night, that Huff left, and that she had a conversation with the boy, but it was evidently improper for her to state to the jury that Huff was a killer. The testimony was injurious but the objection seems to have been directed at all of the foregoing, the admissible together with the inadmissible. The reason for the objection is not stated and doubtless the court was at loss as to just what the attorney had in mind.

Counsel who prepared an able brief in this appeal makes it very clear what he has in mind and relies upon Adams v. State, 68 S. W. (2d) 270, together with other similar decisions, to sustain his contention that where evidence is not admissible for any purpose for which it is offered, an objection that it is

immaterial would be sufficient. We are of the opinion, however, that he has not discussed the exact question before us. Appellant's counsel made an announcement in court relative to the matter and seems satisfied with the failure of the court to take action following such announcement. He made no request for any instruction and he cannot now complain that none was given. Had the court stated that he sustained the objection, the record would have been no different from what it is because the evidence was already before the jury. To give any relief it appears that request should have been made to the court for a proper instruction on the matter. Lacy v. State, 29 S. W. (2d) 754, under a similar state of facts, very clearly expressed the view which we hold in the instant case. It was incumbent upon the appellant to make a motion to exclude that part of the answer which was not responsive to the question of the District Attorney, (King v. State, 95 Tex. Cr. R. 93, 253 S. W. 261). This he failed to do and in failing, brings the record barren of any question which would enable us to consider the harmful effect of the voluntary statement of the witness.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant contends that Mrs. Linville's testimony was so obviously inadmissible that any kind of objection thereto was sufficient to require the court to exclude it. While it is true that evidence which is not admissible for any purpose is subject to a general objection, still, in the instant case, the witness, Mrs. Linville, had related a conversation which she had with the appellant a night or two prior to the shooting, whereupon the District Attorney inquired of her what other or further conversation she had with him, to which she replied as set out in our original opinion. It occurs to us that the following part of her testimony was admissible, to-wit: "There wasn't any more conversation that night; Huff left," while the balance thereof might not have been admissible. Consequently, it was incumbent upon appellant to single out the admissible from the inadmissible part thereof and direct his objections thereto. Having failed to do so, he cannot now complain. See Spann v. State, 32 S. W. (2d) 455, 116 Tex. Cr. R. 268; Cochrane v. State, 67 S. W. (2d) 313; 125 Tex. Cr. R. 119.

Being of the opinion that the case was properly disposed of on the original submission, appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.