# APRIL 14, 1943

OTHEL LEE V. THE STATE.

No. 22477. Delivered April 14, 1943.

The opinion states the case.

*Chap. B. Cain,* of Liberty, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant brings forward two complaints, the first of which relates to the sufficiency of the evidence to sustain his conviction, and the second relates to the testimony of Mrs. Carlson as to what her examination of the injured girl disclosed. We will dispose of these contentions in the order presented.

The record shows that appellant, a young man 23 years of age, met the injured female, 14 years of age, at Burns' filling station in the town of Dayton, where she got out of a car driven by a young man who stopped there and purchased some gasoline. She was looking for her sister and Price Moran, whom she was going to meet at a store in Dayton. She had not theretofore been to said town. She was in a strange town, among strange people, and not knowing where to find her sister and Moran, she began to cry. Appellant, who was near the filling station, walked up to her and inquired of her what the trouble was. When she advised him of her purpose in being there, he offered to assist her in finding her sister and Moran. They went to several places of business but failed to find them. Appellant told prosecutrix that he knew where Price Moran lived and would show her the place. They went down the highway some distance, then turned off on the Winfreed road and he led her to the river bottom where he had an act of sexual intercourse with her. After the commission of the act, he walked with her to a road and pointed out to her a house, which he told her was the

place Moran lived. She went to the house but there was no one present. She then went to the main highway, where Mr. Gay overtook her in his car and carried her back to Dayton, where the occurrence was reported to the officers who went immediately to the appellant's home and arrested him.

Appellant admitted being with the injured female on the afternoon in question but denied that he had raped her or that he had an act of sexual intercourse with her. He testified that she inquired of him where the old Pruitt place was; that he told her he was going home, which was in the direction of the Pruitt place and he would show it to her; that they met his aunt coming to town who, after meeting them, decided not to come to Dayton, but returned home with him and his brother who was waiting for them at a bridge some distance down the road; that when they got within sight of the Pruitt place they pointed it out to the injured party, who went toward it while they (appellant, his aunt and brother) went home together.

It will be noted from the foregoing brief statement of the facts proven on the trial that an issue of fact was raised which the jury, who are the exclusive judges of the facts, the credibility of the witnesses and the weight to be given to their testimony, decided adversely to his contention. Hence we overrule the same.

Bill of Exception No. 1 complains of the court's action in permitting the State to prove by Mrs. Carlson, mother of the injured girl, that she examined the girl's privates; that she found a secretion which looked like it came from a male person; that she found the hymen broken; that she was the mother of seven children and that from her knowledge of these things as mother and wife she was in a position to testify as to what that secretion was. Appellant objected to all of this testimony upon the ground that the witness was not qualified as a medical expert to express an opinion on these subjects, which objection was overruled and he excepted. We are of the opinion that the testimony of the mother that the secretion found by her on the private parts of the girl looked like it came from a male person was admissible inasmuch as she was somewhat familiar with such matter from experience and personal knowledge. The objection urged thereto went more to the weight thereof than to its admissibility. It may be true that her statement to the effect that the hymen was broken was a matter of which she had little experience and no scientific knowledge and therefore may have been subject to objection. However, it was incumbent upon the

appellant to single out the admissible from the inadmissible part of her testimony and direct his objection to that part which was not admissible. Having failed to do so, he is not in a position to complain. See Spann v. State, 116 Tex. Cr. R. 268, 32 S. W. (2d) 455; Cochrane v. State, 125 Tex. Cr. R. 119, 67 S. W. (2d) 313.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.