SARAH "BABE" GRIFFIN V. THE STATE.

No. 22984.  Delivered December 6, 1944.
Rehearing Denied January 10, 1945.

The opinion states the case.

*J. M. Parker,* of Gorman, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful sale of whisky in a dry area is the offense; the punishment, a fine of $400.00.

It was agreed that Young County was a dry area, within the meaning of the Liquor Control Act.

The purchaser named in the State's pleading, an inspector of the Liquor Control Board, testified that he purchased a pint of whisky from the appellant at her place of business, for which he paid $4.00. This testimony made a prima facie case, upon which the jury was authorized to predicate a conviction.

The appellant did not testify, nor did she offer any testimony.

It is insisted that the inspector was an accomplice, under

the doctrine of entrapment, and that it was necessary by reason of such fact that his testimony be corroborated.

Under the provisions of Sec. 8 of Art. 666-23a, P. C., of the Liquor Control Act, a conviction may be had for the offense charged, upon the uncorroborated testimony of an accomplice. It is immaterial, therefore, whether the inspector was or was not an accomplice. A conviction could be had upon his testimony, alone.

Bills of Exception appear, complaining of argument of State's counsel. These bills were qualified by the trial court, showing that the argument complained of was in reply to argument of appellant's counsel. The appellant, having accepted the bills of exception as so qualified, is bound thereby. As here presented, the bills of exception fail to reflect reversible error.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In appellant's motion for rehearing several grounds are discussed which have been fully covered in the original opinion and have been so frequently before this court that we do not consider further discussion necessary.

The first paragraph of the motion reads as follows: "For in the third paragraph of the Court's opinion affirming the case, *'that the defendant did not testify, nor did she offer any testimony,'* which is an error on the face of the opinion in which it appears the defendants failure to testify is questioned by this court."

In the first place the statement in the opinion is a brief and accurate summary of the state of facts as they appear in the record. First it summarizes the State's case and the phrase objected to is merely a statement of the case from the standpoint of the defense. Such expressions frequently appear in the opinions of this court and properly so because this court is not charged with the responsibility of finding a person guilty or not guilty. Even the trial court may charge the jury that they are

not to consider the fact that the party on trial did not testify, even though this is an allusion to his failure to testify. Such charges are approved as being necessary in many cases and it is certainly not in conflict with the Constitution, or Article 710 of the Code of Criminal Procedure which says that the failure to testify is not to be "taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." So far as the court may properly allude to evidence he is not restricted in his charge in the matter as is counsel for the prosecution. The statute mentions only counsel, not the judge.

It is our conclusion that the statement made in the opinion can not be given the construction that "it is error on the face of the opinion" but that it is a proper statement of the record of the case now before us, without which the opinion would appear to ignore a probable defense.

Appellant's motion for rehearing is overruled.