## GEORGE T. ROMANS V. STATE.

No. 24203. State's Motion For Rehearing Granted March 30, 1949.
Appellant's Motion for Rehearing Denied June 15, 1949.

*Elbert R. Jandt,* of Seguin, and *Frank Steinle,* of Jordanton, for appellant.*

*At the request of these attorneys, prior to the disposition of motion for rehearing, the court issued an order relieving them of further responsibility as attorneys of record in this case.

*Joe Burkett* and *Sam L. Harrison,* San Antonio, for appellant on appeal only.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant was convicted of the offense of an assault with intent to rape. His punishment was assessed at confinement in the state penitentiary for a period of 25 years.

At a former day of this term of court, we reversed and remanded this case on two propositions of law. The case is now before us on the state's motion for a rehearing. We have again reviewed the record, in the light of the state's motion as well as the authorities cited in support thereof, and have reached the conclusion that we erred in the disposition of the case on original submission. We therefore withdraw the original opinion and substitute this one therefor.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction. With this, we cannot agree.

The state's evidence, briefly stated, shows that on the night in question Mrs. Mary Jo Wilkins had gone with some friends to the "Blue Top Inn," where a dance was in progress. About 12:00 o'clock, when they were about ready to go home, she went to a rest room located some distance from the main building. When she came out of the rest room to return to the dance hall, some one grabbed her and dragged her some distance telling her that he was going to have sexual intercourse with her and if she screamed he would kill her. While he was dragging her through prickly pears towards some brush, she did scream and some of her boy friends came running to where she was struggling with her assailant. When the assailant noticed them coming, he released her and ran into the brush and disappeared. In the struggle, Mrs. Wilkins lost her overcoat and appellant lost his hat. The coat and hat were found very close together near the rest room. The officers were notified, who immediately appeared on the scene, but appellant had disappeared. He was arrested about 6 a. m. at his room in a hotel. The injured party positively identified appellant as her assailant. Appellant denied that he assaulted the prosecutrix. He admitted, however, that he was at the Blue Top Inn on the night in question; that the hat which was found at the place where the assault was committed was his hat; but he claimed that his friend, Slim, had the hat about the time of the assault. We deem the evidence sufficient to sustain his conviction.

His next complaint relates to the court's action in permitting the sheriff of Atascosa County to testify, over his timely objection, that at the time he arrested appellant in his room at the hotel he examined appellant's shirt and pants; that he found that two buttons were missing from the shirt; that after he had carried appellant to jail he, the sheriff, returned to appellant's room and took possession of the shirt and pants; that the remaining buttons on the shirt were of the same kind as those found at the place of the assault which had been given to him by the parties who found them. It is appellant's contention that whether or not the buttons on the shirt and those found on the ground at the place of the assault were alike was an issue of fact for the determination of the jury and not the sheriff; that the sheriff might have been permitted to describe the buttons on the shirt but not to invade the province of the jury and decide the issue for them since the jury were as well qualified as the sheriff to determine for themselves whether or not they were alike. On original submission we agreed with appellant, but on a more careful review of the authorities on the subject, we find that we were in error. Tex. Jur., Vol. 19, p. 378;

states the rule to be as follows: "The opinions of ordinary observers are admissible on questions of identity, whether the identity be of persons, animals, or things, or even that of a corporation." This doctrine find support in the following cases: Pruitt v. State, 114 Tex. Cr. R. 281 (25 S. W. 2d 870) ; Howard v. State, 77 Tex. Cr. R. 185 (178 S. W. 506) ; Williams v. State, 63 Tex. Cr. R. 515 (140 S. W. 449) ; Thompson v. State, 33 S. W. 972; Turner v. State, 48 Tex. Cr. R. 585 (89 S. W. 975) ; and Harris v. State, 62 Tex. Cr. R. 235 (137 S. W. 373). We therefore overrule appellant's contention.

Appellant's next complaint relates to the court's action in declining to permit him to impeach prosecutrix on a material part of her testimony relative to her positive identity of the appellant as her assailant. It appears that on cross examination appellant inquired of her, "If soon after the occurrence, on March 1st, she didn't have a conversation with Mrs. Nerna Eller, Mrs. Mary Gober and Mrs. George Romans, in which she stated to them that she at first believed it was her husband who attacked her," to which she replied, "I might have made that statement; I don't remember exactly. I don't deny that I made that statement to them because I might have said it." Appellant, for the purpose of impeaching prosecutrix, called Mrs. George Romans, wife of appellant, and propounded to her the following question: "Will you state to the court whether or not Mary Jo Wilkins had any conversation with you with reference to the identity of the man with whom she had a difficulty?" To which question the state objected on the ground that no proper predicate had been laid for the introduction of said testimony. The court sustained the objection and appellant excepted. It was then agreed between the state and appellant that Mrs. Gober and Mrs. Eller would testify to the same facts subject to the state's objection. The bill is qualified by the court who states in his qualification thereof that appellant had not laid a proper predicate for impeachment of prosecutrix. Appellant accepted the bill as qualified and it is the contention of the state that he is bound by the qualification. This is the general rule, at least insofar as the qualification relates to facts. See Taylor v. State, 145 Tex. Cr. R. 158 (166 S. W. 2d 713) ; Griffin v. State, 148 Tex. Cr. R. 30 (184 S. W. 2d 475) ; Holloway v. State, 148 Tex. Cr. R. 33 (184 S. W. 2d 479) ; and Johnson v. State, 200 S. W. (2d) 1021.

Appellant's next complaint relates to the testimony given by the sheriff as to what he found in appellant's room at the time of his arrest, on the ground that the sheriff had no warrant of arrest nor a search warrant to search his room. The bill of

exception complaining of this matter is also qualified by the court who states in his qualification thereof that the offense was committed about midnight, or a little later; that appellant had fled and was endeavoring to escape; that a magistrate was not available at that time to receive a complaint, and issue a warrant of arrest or a search warrant; that the sheriff was looking for appellant out in the brush and elsewhere; that when he learned his name and where he had a room, he went to the room three times between midnight and 6 a. m.; that the sheriff found appellant absent on his first two visits to the room. Appellant accepted this bill as qualified and is bound thereby. It occurs to us that under the circumstances as they existed and with which the sheriff was confronted, at the time, viligance was not only important but necessary to prevent the escape of the culprit. There is no question that the sheriff had been informed by credible persons that a felony had been committed and the guilty party had fled. We think that under the facts disclosed by the record appellant's arrest without a warrant was authorized under Art. 215, C. C. P. The sheriff had a right to state what he observed in appellant's room while he placed him under arrest.

His next bill reflects the following occurrence: While appellant was cross examining prosecutrix he inquired of her, "if during the assault, appellant ever opened his pants and exhibited his privates," to which she replied that he did not, that he did not have a chance. Appellant objected to the entire answer as not being responsive to the question. A part of the answer was responsive, but it seems that appellant did not deem it necessary to separate the inadmissible from the admissible part of the answer and direct his objection thereto and request the court to withdraw it from the jury. It is the settled rule in this state that where part of the testimony is admissible and part is not the objection should be addressed to the objectionable part. See Spann v. State, 116 Tex. Cr. R. 268 (32 S. W. 2d 455) ; Cochrane v. State, 125 Tex. Cr. R. 119 (67 S. W. 2d 313) ; and Huff v. State, 145 Tex. Cr. R. 82 (165 S. W. 2d 717).

He next complains because prosecutrix in relating to the jury what occurred at and during the time she was attacked testified that her assailant said, "Here Kid, let's go the other way, some one will see." Appellant objected thereto on the ground that it was a conclusion of the witness. We do not so regard it. It occurs to us that it was res gestae and therefore admissible. The rule seems to be that whatever is said by any party to the transaction declared on in the indictment at the time of the transaction, is a part of the transaction itself and is a part of the res gestae. See Black v. State, 8 Tex. App.

329; Jefferies v. State, 9 Tex. App. 603; Weathersby v. State, 29 Tex. App. 278 (307) (15 S. W. 823); Hardin v. State, 40 Tex. Cr. R. 208 (49 S. W. 607); Muldrew v. State, 73 Tex. Cr. R. 463 (166 S. W. 156) (L94, Point 4).

By another of his unnumbered bills of exceptions, he complains of the action of the trial court in permitting the state, after both the state and appellant had introduced their evidence in chief and after appellant had denied that he was at the place of the assault at the time of its commission, to prove by the sheriff, in rebuttal, that he found certain human tracks that indicated to him that the person who made the tracks was dragging some one and their feet would slide; that he also went down a little road and there he found a place that looked like some one had fallen; that when he arrested appellant, he noticed a pair of boots in his room which were about the size of the tracks he found; that the tracks he found were made by boots. Appellant contends that this testimony was not admissible in rebuttal to any position taken by him. The objection was overruled and he excepted to the ruling of the court. It occurs to us that the facts and circumstances as testified to by the sheriff tended to rebut appellant's testimony that he was not the party who committed the alleged assault on Mrs. Wilkins; that he was not present where the alleged assault was committed at the time of its commission.

His next complaint relates to the testimony given by Bill Byerly to the effect that he saw some tracks; that these tracks were near the scene of the incident; that the tracks were tracks of a man where he had stumbled as he was running away. Appellant objected to this testimony because it was a mere conclusion on the part of the witness. The objection was overruled and he excepted. That the party who committed the offense ran away was otherwise proven without objection. That the tracks leading from the place of where the assault was committed were made by a man was admissible. That he stumbled in leaving is not material and not prejudicial to him. We therefore overrule his contention.

Appellant next complains of the testimony given by the prosecutrix to the effect that the hat shown her by the district attorney was the hat the assaulting party was wearing on the night in question. The court qualified the bill and in his qualification states the witness had theretofore testified without objection that the hat in question was found on top of her coat; that the hat was introduced in evidence without objection; that

appellant admitted it was his hat. The bill as thus qualified fails to reflect error.

Appellant, in due time and in the manner prescribed by law, addressed objections to paragraphs Nos. 6 and 7 of the court's charge on the ground that said paragraphs were on the weight of the evidence. We have carefully examined the same and have reached the conclusion that the charge is not subject to the objections addressed thereto.

Another unnumbered bill reflects the following occurrence: When the case was called for trial, and the jury panel was called it was ascertained that only seventeen of the thirty-six men selected by the jury commission for jury service for that week appeared; that after the seventeen had been examined on their voir dire touching their qualifications as jurors, the defendant moved that the jury panel be completed before he be required to exercise any of his challenges, which motion was by the court overruled. Thereupon, the state and defendant began the selection of the jury from the seventeen prospective jurors present, which resulted in the selection of six jurors. Thereupon, the sheriff was directed by the court to summon talesmen; whereupon, appellant moved the court to have the absent jurors who had been selected by the jury commissioners brought in, which motion the court overruled and to which action of the court appellant excepted. We see no error reflected by the bill since appellant does not claim that as a result of the court's ruling he was forced to accept an objectionable juror; nor does he claim that the sheriff in summoning talesmen acted corruptly. The court qualified this bill to the effect that appellant made no motion prior to announcement of ready to have any of the absent jurors brought in; that after the regular panel had been exhausted and it became necessary to fill the jury by the selection of talesmen, he then requested the regularly selected prospective jurors be brought in; that these absent jurors resided in various parts of the county; that it would take too long to send officers to each and every part of the county to resummon said jurors; that it was doubtful whether the officers would be able to find each of said jurors since they had failed to appear in the first instance. In the absence of any suggestion or intimation of injury or prejudice to appellant's rights, it occurs to us that no error in the court's action touching the matter is reflected by the bill. See Gonzales v. State, 58 Tex. Cr. R. 257 (125 S. W. 395), and cases there cited.

We observe that in sentencing the defendant, the court failed to make application of the indeterminate sentence law. We there-

fore reform the sentence so as to read that appellant be confined in the state penitentiary for not less than two nor more than 25 years.

All other matters complained of have been examined by us and are deemed to be without merit.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

At the time the state's motion for rehearing was under consideration we gave the questions involved our very best consideration before withdrawing the opinion which had previously been released reversing and remanding the case, and substituting therefor our opinion of affirmance. To write again upon the same points would result only in repetition.

In his motion appellant stresses at length his contention that the evidence falls short of supporting the verdict. The entire statement of facts has again been reviewed. We find ourselves unable to agree with appellant's contention.

The motion for rehearing is overruled.