ARCHIE ADAMS v. STATE.

No. 26,191. January 28, 1953.
Rehearing Denied March 4, 1953.

*A. L. Bevil*, Kountze, and *W. J. Baldwin*, Beaumont, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of murder and the jury assessed his punishment at 15 years in the penitentiary.

A difficulty occurred between appellant's companion Percy Green and the deceased, Junior Hadnot, at a tavern in Silsbee. Hadnot was shot through the neck with a forty-four caliber pistol as he was leaving the tavern, the shot being fired by appellant.

The state's version of the killing was that Hadnot was cursed and threatened by Percy Green, and was shot by appellant without justification or excuse.

Appellant testified that he was a peace officer in Jefferson

County; that he was on a social visit to Hardin County and knew that he did not have the authority to carry a pistol there; that he saw Green and the deceased arguing and interfered in an attempt to break up the argument; that the deceased wheeled and came on him with his hand in his pocket, and that he fired in self-defense after warning the deceased not to come on him with a knife.

The jury accepted the state's version and rejected appellant's defense. The evidence sustains their finding.

It is not deemed necessary to discuss the details of the difficulty between the deceased and appellant's companion, except as hereinafter referred to in connection with appellant's bills of exception. These bills will be considered in the order presented in appellant's brief.

Bill of Exception No. 1 complains that the sheriff summoned the talesmen ordered by the court from which to complete the jury, eight from Silsbee and five from Kountze, while there were fourteen towns or voting precincts in the county and no effort was made to summon jurors from any town or precinct other than Silsbee and Kountze.

It was not incumbent upon the sheriff, in summoning the small number of additional jurors, to see that all precincts and towns of the county were represented in his selection. No error is shown by this bill.

The testimony shows that the deceased was in good health and spirits prior to being shot through the neck with a forty-four caliber pistol, and that he fell when shot and soon died. We overrule appellant's contention that the state failed to prove that the bullet wound caused the death of Junior Hadnot.

The difficulty between the deceased and Percy Green originated in a conversation between the deceased and his companion and two girl companions of Green. This occurred in the tavern and during the conversation Green ordered the deceased to leave, saying that one of the girls was his wife. Bill of Exception No. 3 complains that Otis Young, companion of the deceased, was permitted to testify to such conversation and difficulty over appellant's objection that he, the appellant, was not present and knew nothing about the conversation and it was therefore immaterial and prejudicial.

The court qualified this bill and certifies that the only objection made was that the testimony was irrelevant and immaterial and there was no evidence that defendant did not hear and knew nothing about the conversation, and no objection offered stating such grounds. No error is shown by this bill as qualified.

We should not be understood as holding the testimony to have been inadmissible. The question is not before us and need not be considered.

Bill of Exception No. 4 relates to the testimony of Otis Young wherein he referred to the conduct of himself and others present after the deceased had fallen. The witness testified: "And they wouldn't go up to Junior and Percy Green walks up around his head, and the people started to scattering back, and I got scared he might do the same thing to me. I was scared after he killed him he would as soon shoot me as not."

This testimony having been heard by the jury before any objection was offered, and no motion having been made to have the jury instructed to disregard and not consider the same, reversible error is not shown by this bill. See Johnson v. State, 90 Tex. Cr. R. 229, 234 S.W. 891; Jamar v. State, 142 Tex. Cr. R. 91; 150 S.W. 2d 1031; and Huff v. State, 145 Tex. Cr. R. 82, 165 S.W. 2d 717.

Bill of Exception No. 5, presented in oral argument as the principal ground for reversal, presents the following: Appellant offered the witness P. E. Hammonds who testified that he knew the general reputation of appellant for being a peaceable and law abiding citizen and that it was good. This bill complains that over his objection this witness was asked on cross-examination whether he had heard that appellant was charged with drunk driving and paid a fine, the answer of the witness being "That's right."

The state may ask a witness who has testified to the defendant's good reputation whether or not he has heard of specified instances of misconduct of appellant, this for the purpose of testing his knowledge of such reputation and his sincerity, and measuring the weight to be attached to his testimony. It is not, however, permissible to show by the witness what he knows individually about specific acts of misconduct of the defendant; the inquiry being limited to whether or not the witness may have heard of such unlawful act.

The conclusions expressed are supported by many authorities annotated under Key No. Witnesses 274(2), 39 Texas Digest, late cases being Wiley v. State, 153 Tex. Cr. R. 370, 220 S.W. 2d 172; and Richardson v. State, 154 Tex. Cr. R. 422, 228 S.W. 2d 179.

That the question was asked in good faith is evident, the witness having answered that he had heard that appellant had paid a fine for drunk driving.

We see no error in Bill of Exception No. 8 relative to the closing argument. If improper, no reversal is called for in as much as the bill fails to show that the argument was not invited by argument of appellant's counsel.

Other exceptions not mentioned in appellant's brief have been examined and no reversible error is found.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

In a lengthy but able brief, appellant has taken us to task for our disposition of his Bill of Exception No. 5, relating to the cross-examination of the reputation witness Hammond. We are asked to differentiate our holding herein from the relatively recent case of Wharton v. State, 157 Tex. Cr. R. 326, 248 S. W. 2d 739.

The distinction to us is clear. We shall here attempt to explain the same. The rule, which seems to be uniform in State and Federal courts, is expressed in 71 A. L. R., page 1530, as follows:

"It is proper to ask the defendant's character witness on cross-examination, whether or not he had heard that the defendant has been previously convicted of a certain crime, for the purpose of testing the credibility of the witness."

See also Wigmore on Evidence, 3rd Ed., Sec. 988, p. 618.

We reversed the conviction in McNaulty v. State, 138 Tex. Cr. Rep. 317, 135 S. W. 2d 987, because the prosecutor asked

the reputation witness if he *knew* that the appellant had been charged with a certain offense. There, we said:

"While the witness might have been questioned concerning rumors he had heard as to specific acts of misconduct on the part of appellant, contrary to the reputation assigned by the witness, he could not be questioned concerning his knowledge of such matters."

In the Wharton case, the prosecutor phrased his question properly in accordance with the rule, but incorporated in his question additional matter, which we construed to be an injection of a fact that deprived the accused of a fair trial. We held the question in that case to be nothing else than a direct charge that such a thing had been done.

This is not so in the case at bar. The witness Hammond had testified that he had known the accused for twenty-five years and that his reputation for being a peaceable, law-abiding citizen was good. On cross-examination, the witness stated that he had heard that the accused had had some trouble in Hardin County and was then asked, "You heard he was charged with drunk driving and paid a fine?" The witness's answer implied that he had so heard.

To us, the case at bar presents a question well within the rule hereinbefore quoted from the McNaulty case.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.