## WILLIE MAE DEAMS V. STATE.

No. 26,695. December 16, 1953.
Appellant's Motion for Rehearing Denied
February 10, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 10, 1954.

*Murray J. Howze*, Monahans, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, one year in the penitentiary.

The injured party, S. B. Williams, appellant's common-law

husband, testified that on the day in question as he lay on the divan the appellant came to the door and stated that she was going to kill him; that he got up and walked out of the house, and as he did so a shot was fired; that he walked to his automobile; that appellant told him not to get in it; that he then walked to the back of the house, and appellant came to the back door and shot twice at him. Williams testified that he reentered the house, and the appellant shot him in the jaw; whereupon he took the pistol away from appellant and struck her with it. Williams testified that he then went to the hospital, where he was treated.

Officers testified that they went to Williams' home, found appellant bleeding from a wound in the head, recovered the pistol, and took the appellant to the hospital.

Appellant, testifying in her own behalf, stated that she had never before been convicted of a felony; that she and Williams had lived together for four and one-half years; that recently they had been having trouble, "that he would always jump on me and whip me, and I was scared of him." She told of one occasion when she had jumped out of an automobile because she was afraid that Williams was going to beat her. She was then asked this question by her attorney:

"Q. Two times, you testify . . . did he hurt you on those occasions? A. Yes sir."

Whereupon the state objected on the grounds that these matters had no bearing on the case.

Appellant's counsel then reminded the state that Williams had denied that he had ever beaten the appellant.

The state then objected to going into details, which objection was by the court sustained.

Thereafter the appellant was instructed by her counsel to tell the jury in her own words what had occurred on the day in question. At this juncture the state objected to a narrative answer, and this objection was sustained. Upon being notified of this ruling of the court, the appellant rested, and the case came to a close.

Appellant contends that the court improperly limited him in developing his evidence. This may be so, but this court is in no

position to so hold without a showing of what the witness would have testified had she been permitted to do so by the court. Appellant should have asked that the jury be retired so that he might develop the evidence for the purpose of the bill. This he did not do, and no error is shown.

We think the court was correct in sustaining the exception to the narrative recitation of the appellant's evidence.

Appellant next complains of a question by the prosecutor during the direct examination of the witness Williams, which she contends was leading. The question was: "Well, state whether or not you were afraid she was going to shoot you again." This was asked in order to develop Williams' reason for disarming the appellant. It is not necessary to pass upon whether or not this question was in fact leading in view of the remainder of the interrogation because we do not, in the light of the evidence, consider it harmful.

"Asking harmless leading questions is not commended; yet, we note that the courts seldom reverse a case because questions are leading." Hill v. State, 144 Tex. Cr. Rep. 57, 161 S. W. 2d 30.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

BELCHER, Judge.

On motion for rehearing appellant again urges that she should have been permitted to narrate the happenings between her and the injured party on the day of the shooting in answer to her counsel's question to tell the jury in her own words and in her own way what occurred, which was denied by the court in sustaining an objection by the state to her making a narrative answer.

In addition to that stated in our original opinion, we observe that the trial judge in his discretion may refuse to permit a witness to testify in narrative form, and his ruling thereon will not be reviewed in the absence of an abuse of discretion. Such abuse is not here reflected, thus no error is shown.

Appellant again urges that the overruling of her objection to the complained-of question last set out in our original opinion

was error. This objection was made after said question was answered in the affirmative, and appellant made no motion to exclude or withdraw said answer. In the absence of such request, no error is shown. Johnson v. State, 90 Tex. Cr. R. 229, 234 S. W. 891; Adams v. State, 158 Tex. Cr. R. 306, 255 S. W. 2d 513.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.