**Howard BIRCHFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39019.**

Court of Criminal Appeals of Texas.

March 16, 1966.

Rehearing Denied May 11, 1966.

John D. Rienstra, Jr., Beaumont, for appellant.

W. C. Lindsay, Dist. Atty., Jim Vollers, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Our prior opinions are withdrawn and the following substituted therefor.

The conviction is under the Securities Act Art. 581-29 (C), Vernon's Ann. Civ. St.: the punishment, two years.

The State's evidence reflects that appellant, after having been removed as president of the corporation in question, sold stock in such corporation to one Ragsdale representing that he was president, and that the money which Ragsdale paid him would be used to get the mining venture into operation, but that such funds were not paid to the corporation. Appellant did not testify or offer any evidence in his own behalf.

The indictment contained three counts and at the conclusion of the testimony the State elected to prosecute upon the third count, which was submitted to the jury in the court's charge.

In the third count it was charged that appellant did unlawfully and fraudulently sell to Kenton Ragsdale 1,000 shares of common stock of Pacific Fluoride Company, Inc., and did "then and there commit fraud upon said Kenton Ragsdale by willfully, fraudulently and knowingly representing that the said Howard Birchfield was president of the said Pacific Fluoride Company, Inc., and that the proceeds from the sale of said stock would be used for the benefit of the said Pacific Fluoride Company, Inc., and that the said Howard Birchfield then and there knew that said representations were false and the said Howard Birchfield made said false representations for the purpose of inducing the said Kenton Ragsdale to purchase said security and the said false representations were misrepresentations of material fact."

In order to support such count it became incumbent upon the State to prove the falsity of these alleged misrepresentations. In order to establish the first, the State called an officer of the corporation who began to testify as to the contents of the minutes. At this juncture appellant's counsel objected on the grounds that the minutes themselves would be the best evidence. The State then offered the minutes of the corporation showing that a stockholders' meeting was called, that it was held and that appellant was discharged as president prior to the date charged in the indictment.

When the instruments were offered, appellant made the following objection:

" * * * The defendant has no objection to the Waiver of Notice of the Original Meeting of the Stockholders and Incorporators held March 8, 1963, nor is there any objection to the Waiver of Notice of a meeting to be held March 8, 1963, nor the Minutes of such meeting. However, the defendant would object to the portion of State's Exhibit Number Eleven which is entitled, 'Request for Special Meeting of Board of Directors', to be held on May 27, 1963, for the reason that such request contains countless self-serving declarations, conclusions of law and of fact, and constitute hearsay. The same objection as far as the Waiver of Notice of such Special Meeting to be held May 29. Also such contents are highly inflammatory. The defendant further objects to the portion of State's Exhibit Number Eleven, which is the Minutes of a Meeting of Board of Directors of this company, held May 29, 1963, for the reason such Minutes contain countless conclusions of law and of fact—highly inflammatory and self-serving matters and constitute hearsay."

■ State's Exhibit Eleven was a bound volume of 24 unnumbered pages wherein is found the corporation charter and waivers of notice and the minutes of the stockholders' meetings. As will be seen from the above objections, they were leveled at the "Request for Special Meeting of Board of Directors", the "Waiver of Notice of Such Special Meeting", and the "Minutes of the Meeting of Board of Directors". Parts of each instrument were admissible and necessary in order to establish the State's case. Clearly an objection to the whole without pointing out the objectionable portions was insufficient to apprise the trial court of the portion of the document counsel considered objectionable. Galan v. State, 164 Tex.Cr.R. 521, 301 S.W.2d 141 and Huff v. State, 145 Tex.Cr.R. 82, 165 S.W.2d 717.

Appellant's second contention is that the court erred in failing to charge the jury to acquit if they found that appellant came under the exception contained in Paragraph I of Section 5 of Article 581 V.A.C.S. Clearly, appellant's case does not come within such exception (which became effective after the date charged in the indictment) because there is ample evidence of public solicitation. The witness Zonker testified that she wrote letters for appellant to certain companies listed in the Houston telephone book in which appellant stated that stock in Pacific Fluoride was available at one dollar a share. The witness Simpson testified that he introduced appellant to numerous acquaintances of his in Beaumont and that appellant offered stock for sale to them and sold stock to a number of named individuals. There was the further evidence of the brochures which were typed in appellant's Houston office and given by appellant to each person he contacted relative to the sale of stock. Tumbleweed Bowling Corporation v. Matise, Tex.Civ.App., 388 S. W.2d 479, cites with approval Securities and Exchange Commission v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494, as holding that public solicitation need not be open to the whole world. Article 581–22, subd. E, V.A.C.S. is no solace to appellant, because we hold that the conduct enunciated above constituted public solicitation.

In our original opinion we held the indictment and the charge defective because they failed to allege and instruct the jury that the injured party relied upon the fraudulent representations made by appellant. In support of such holding we cited several civil cases which hold that one of the essential elements of fraud is that the injured party relied upon the fraudulent representation. We have now concluded that we were in error.

Article 581–29, V.A.C.S. is a penal statute which provides as a basis for this prosecution that "Any person who shall: * * * C. Engaged in any fraud or fraudulent practice in the sale, offering for sale or delivery of, invitation of offers, or dealing in any other manner in any security or securities shall be deemed guilty of a felony * * *."

Appellant relies upon a portion of the definition of fraud and fraudulent practice contained in Article 581–4, subd. F, V.A.C.S.

Since reliance upon the fraudulent representation would not be an essential element of an offer for sale, or invitation of offers, or dealing in any other manner in any security, we cannot bring ourselves to conclude that it was the intention of the Legislature to require one quantum of proof in cases where sales were actually made and another quantum of proof where an offer to sell was made. This is especially true where the several different ways a violation of the statute may be committed are embodied in the same paragraph of the statute. Since reliance need not be proven, it need not be alleged.

Appellant next contends that the court erred in permitting the witness Zonker to testify that Mrs. Jenson, who worked in appellant's office, was also known as Jan Birchfield. The answer of this witness about appellant's living with her was withdrawn from the jury's consideration by the prudent trial court. For all this record reveals this might have been appellant's wife who was sometimes referred to by her former married name. At any rate, we further find that elsewhere in the record the woman in question was known as Mrs. Howard Birchfield, and no objection was made to such testimony.

Cabiness v. State, 66 Tex.Cr.R. 409, 146 S.W. 934, disposes of appellant's contention as to the disjunctive submission in the court's charge.

Appellant's last contention is that the evidence was insufficient to prove that appellant knew on the day charged in the indictment that he was no longer president of the company in question. An examination of the testimony of the witness Shile

reveals that appellant met with a number of the stockholders on June 8, 1963, prior to the commission of this offense, at which time he told appellant that he was no longer president. He further testified that he did not see him again or talk to him about the fact that appellant had been removed as president at the May 29th stockholders' meeting prior to rceiving a letter postmarked after the commission of the offense in which appellant admits that Shile had told him that he was no longer president. These facts together with evidence that appellant moved to Houston and opened an office (at the other end of the State from Amarillo where the corporation maintained its records) shortly after this meeting on June 8, would authorize the jury to conclude that he knew he was no longer president.

The record reveals that appellant has been in confinement in the Jefferson County jail since September 12, 1964. The trial court has the authority under Article 42.03, Vernon's Ann.C.C.P. to give him credit for such time on his sentence.

The State's motion for rehearing is granted; the judgment of reversal is set aside and the judgment is now affirmed.