## RAMON LEDESMA V. THE STATE.

No. 22667. Delivered January 12, 1944.
Rehearing Denied (Without Written Opinion) February 23, 1944.

The opinion states the case.

*W. O. Slattery,* of Corpus Christi, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of ten years.

Appellant and Cosme Lelasquez were jointly indicted. A severance was had and appellant alone was placed on trial which resulted in his conviction as above stated. One of his contentions is that the evidence is insufficient to sustain his conviction. The evidence adduced by the State, briefly stated, shows that the prosecutrix was employed at Jack's Barbecue Stand, in the City of Corpus Christi; that on the night in question she went from where she was employed to the Port Cafe, where she ate a sandwich and drank a cup of coffee. After she had finished her lunch she started to walk home; that after she had gone some distance the appellant and his companion overtook her. Each one had an open knife which he held to her side and told her not to say a word; that if she did, they would stab her to death. They took her to the oil mill where they commanded her to take off her clothes, which she declined to do. Thereupon they knocked her down, took off her clothes, and one of them held an open knife to her throat while the other engaged in sexual intercourse with her, and then the other held a knife to her throat while his companion ravished her. Thus, they alternated until each one had had six acts of intercourse with her; that upon being released she went home and immediately telephoned the Police Department and made a full report thereof. Appellant was arrested the next day, at which time he made a voluntary confession to the District Attorney in which he admitted that they took her behind the oil mill by force and there had sexual relations with her; that during the time they had her behind the oil mill she cried most of the time. At his trial appellant testified that he had sexual intercourse with the alleged injured party at the time and place in question but that it was with her consent. It will thus be noted that an issue of fact was raised which the jury decided adversely to him, and we would not be authorized to disturb their finding from the facts stated.

Bills of Exception Nos. 1 and 2 relate to the same matter and will be considered and disposed of together. In said bills appellant complains of the following questions propounded to the prosecutrix by the District Attorney and the following replies made by her thereto:

"Q. Then your testimony is that this defendant committed the act, is that right? A. That's right; and that isn't all; he wanted the other boy to stay there and hold a knife in my throat while he went and got some more boys."

Appellant objected to the answer upon the ground that the same is not responsive to the question and tends to charge a matter not alleged in the indictment. It is obvious that appellant made a blanket objection to the entire answer, a part of which was responsive to the question. Hence the objection should have been directed to that part of it which was not responsive. See King v. State, 95 Tex. Cr. R. 93; Cochrane v. State, 125 Tex. Cr. R. 119; Lee v. State, 170 S. W. (2d) 481; Huff v. State, 165 S. W. (2d) 717. Moreover, her statement related to what transpired at the time of the commission of the offense and was a part of the res gestae. See McPhail v. State, 9 Tex. Cr. App. 164; Thompson v. State, 19 Tex. Cr. App. 593; Weathersby v. State, 29 Tex. Cr. App. 278 (307); Muldrew v. State, 166 S. W. 156, 73 Tex. Cr. R. 463.

Bill of Exception No. 3 reflects the following occurrence: While the prosecutrix was being cross-examined by appellant's counsel, he asked her the following question: "Who told you to sit in the chair like that, facing the jury, not facing the party who is asking you the questions—who told you to sit in the chair like an experienced witness, facing the jury and not the party talking to you?" Whereupon, the Court, in the presence and hearing of the jury, remarked: "Well, I'll tell you now to talk to the jury and talk so they can hear you. Mr. Slattery (defense counsel), you are not the only one to hear this; I often tell them to speak so that the jury can hear." To which remark appellant again objected on the ground that the same was prejudicial; whereupon the Court remarked: "The bill will be qualified to show that counsel asked practically an insulting question of the witness, as to why she was turned toward the jury instead of toward him. This Court has control over the witnesses here; they have to speak to the jury also." To which remark appellant again objected on the ground that the same was a reflection upon his counsel. Thereupon the Court remarked: "The Court merely qualified your bill to show what the real transaction was. Now, don't ask any more insulting questions; if you do that again, I will have to put a fine on you." To which appellant again objected upon the ground that it cast a reflection upon counsel. Thereupon the Court remarked: "You may have your bill; that is exactly what I mean. Now, sit down and go on. I will have to protect your client from your own onslaughts; the law authorizes me to do that. Now, go on with the case."

To which appellant again objected and excepted. The Court qualified the bill, and in his qualification states that due to poor acoustics and traffic noises, steam locomotives, steamboat whistles, and airplanes from the Naval Air Station, he has frequently instructed witnesses to speak sufficiently loud and distinct so they may be heard by all the jurors and counsel as well as the court reporter; that the prosecutrix was seated best suited to be heard by all parties concerned; that the question, "Who told you to sit in the chair like that, facing the jury, and not facing the party who is asking you the questions—who told you to sit in the chair like an experienced witness, facing the jury and not the party talking to you," was in the opinion of the trial court, improper, not justified by any circumstances, and invited a reprimand. Appellant contends that the court's remarks were in violation of Article 707, C. C. P. It is true that said article provides that in ruling upon the admissibility of the evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case. In our opinion, the remarks of the court do not violate the foregoing statutory provision. They are not comments upon the weight of the evidence, its bearing in the case or an expression of the court's opinion of the case. The comments are in the nature of a caution to counsel concerning the manner of examining the witnesses. The reprimand, whether deserved or not, could not, in our opinion, have been of such prejudicial nature as to require a reversal of the case. However, we believe the better practice to be that if counsel's conduct merits a reprimand, it should be administered in the absence of the jury.

Bill of Exception No. 4 is the same as Bill No. 3, and what we have said in our disposition of that bill also applies here.

Bill No. 5 reflects the following occurrence: Appellant called W. E. West, the former husband of the prosecutrix, as a witness in his behalf. In the course of his examination, counsel for the defendant asked him why he obtained a divorce from the prosecutrix, to which the State objected, which objection was sustained by the court. Thereupon, appellant's counsel requested the court to permit him to take the answer to said question, in the absence of the jury, for the purpose of preparing his bill of exception, which said request was denied by the court and the defendant was not permitted to obtain such answer; that if said witness had been permitted to answer the question, he

would have testified that he obtained a divorce from the prosecutrix because she was keeping company with other men, to which ruling of the court the defendant then and there duly excepted. We do not regard the proffered testimony admissible under the following authorities: Graham v. State, 125 Tex. Cr. R. 210; Tyler v. State, 167 S. W. (2d) 755; Satterwhite v. State, 23 S. W. (2d) 356, 113 Tex. Cr. R. 659. The excluded testimony, in our opinion, was not such as tended to show that the prosecutrix was an unchaste woman or that her reputation for chastity was bad.

Bill of Exception No. 6 reflects the following occurrence: While the prosecutrix was on the witness stand, she was asked on direct examination by State's counsel if appellant had actually had sexual intercourse with her, to which she replied. "He certainly did, not once, but about six or seven times", at which time appellant requested the court to require the State to elect upon which act it relied for a conviction, because the indictment charged only one act, which request was denied by the court and appellant excepted. The record shows that the several acts of sexual intercourse were accomplished by one continuous act of force and threats, and evidence thereof was res gestae of the transactions. We think under the facts, no election was required.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.