ROBERT ADAMS V. STATE.

No. 26,312. Delivered April 1, 1953.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for transporting beer, wine and whisky in a dry area, the punishment six months in jail and a fine of $500.

W. C. Brush, city policeman of the city of Slaton, in Lubbock County, saw appellant and one Robert Williams get in appellant's car and drive away from appellant's cafe in the Negro section of Slaton about five o'clock A.M. The officer testified that he "patrolled around there until they came in and met them", and when he turned around to go back to meet them "they turned around and took off."

The officer testified that he gave chase when appellant and his companion "took off in the country," and after traveling at an excessive rate of speed for some four and a half miles and following a mishap which threw a fender of appellant's car against its left rear wheel, he got up to them and saw and smelled wine running out of the back end of appellant's car.

Officer Brush further testified that "wine was busted" in the turtle of the car and that he found some forty cases of beer, ten cases of wine and a case of whisky in the car; that he took possession of the car and its contents and directed appellant and his companion to drive the police car back to Slaton where they were placed in jail.

The beer, wine and whisky were delivered to the Texas Liquor Control Board office in Lubbock by officer Brush and was offered in evidence.

Appellant did not testify, but called as a witness his companion Robert Williams.

Williams testified that he was the driver of appellant's car on the occasion in question. He testified that he had not entered the city limits at the time he saw Officer Brush but that he turned at the city limits and drove into the country after seeing the officer and had driven some half a mile into Lynn County when arrested.

On cross-examination Williams testified that there was beer in the car which he and appellant had gotten from a white man known to them only as "Lieutenant." He also testified that there was wine and whisky in the car.

It was stipulated that Lubbock County was a dry area.

Appellant's first bill of exception complains that the trial court permitted the witness Brush to testify that he found wine running out of the back of appellant's car at the time of the arrest. The objection was that the testimony "was improper."

The testimony appears to have been admissible as a part of the transaction itself or res gestae.

The testimony was not inadmissible though the answer may not have been responsive to the question. See Adams v. State,

225 S.W. 2d 568; Jones v. State, 76 Tex. Cr. R. 239, 174 S.W. 1071.

And the objection was not sufficient to raise the latter question for the reason that it was not directed to that part of the answer which is here complained of, but to the entire answer, a part of which was responsive. See Ledesma v. State, 147 Tex. Cr. R. 37, 181 S.W. 2d 705.

Other bills of exception complain of the admission of testimony as to the result of the search of the car and of the introduction of the beer, wine and whisky.

We deem it unnecessary to pass upon the question raised as to the authority of the police officer of the city of Slaton to make the arrest and search for the reason that appellant's witness Williams testified without objection that the beer, wine and whisky were in appellant's car at the time in question.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.