Dorothy Jenkins BETHUNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 35035.

Court of Criminal Appeals of Texas.

Dec. 5, 1962.

Rehearing Denied Jan. 23, 1963.

Foreman & Walsh by William F. Walsh, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Lee P. Ward, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, life. The appellant, being a female, was charged as a principal.

Prosecutrix testified that she had come from West Texas to Houston looking for work as a vocalist in the entertainment field; that she was in destitute circumstances; that she was introduced to Delmus Bethune, who made some telephone calls and agreed to take her to meet a theatrical agent; that they drove to a motel, where Delmus said the agent was delivering a contract to some other entertainers, but when they entered the cabin designated she found it empty. She testified that Delmus choked her into insensibility and, when she regained her senses, found herself naked and Delmus was pouring ice water on her stomach. On

cross-examination, it was developed that during this period of time Delmus had intercourse with her.

It was after the above incident occurred that appellant first appeared upon the scene, knocked on the motel door and was admitted by Delmus. At this juncture, Delmus told appellant that prosecutrix tried to call the police in an effort to report that she had been raped and instructed appellant to hand him a coat hanger which he straightened out and used to beat her. Color photographs of prosecutrix's neck and legs taken later that morning by the police were introduced and showed bruises about her person. Thereafter, appellant announced that it would be futile for prosecutrix to call the police, as she (appellant) was Delmus' wife and the police would do nothing even if she killed prosecutrix because she had found her in bed with Delmus. Upon entering the motel room, appellant took a locking device, which when placed on the door would prevent anyone from opening the door from either side without the use of a key, and Delmus locked the motel door. Appellant then informed prosecutrix that if she wanted to live she "had better do what she and Delmus wanted her to do"; that there was no chance for her to escape; that she might as well resign herself to it; and that the next morning she would take prosecutrix home with her and show her how to make some fast, easy money. On more than one occasion when prosecutrix went to the bathroom, she was accompanied by appellant, who threatened her life unless she "did whatever they wanted me to do." At some juncture in this proceedings, appellant disrobed; prosecutrix was forced to lie on the bed, and a sex orgy of appalling proportions took place. Prosecutrix was forced, by pulling her hair, to commit acts of oral sodomy on Delmus. Appellant committed similar acts upon prosecutrix; prosecutrix was forced to submit to an act of rectal as well as vaginal intercourse by Delmus, and on into the night. Finally, appellant and Delmus went to sleep; prosecutrix extricated herself from between them on the bed and escaped through the bathroom window. She was picked up in the vicinity of the motel as she was walking barefoot away from the City of Houston by the witness McCreight, who was on his way to work at that early hour of the morning. Prosecutrix was crying and stated she had been raped, was carried to a hospital; the police were summoned, and in the course of their investigation apprehended appellant and Delmus, in the nude, at the motel in question. The police described prosecutrix's nervous and bruised condition. This, we think, is a fair summary of the State's case.

Appellant, testifying in her own behalf, admitted that she had been a prostitute for a number of years, that she had known Delmus for a year before she married him, knew that he associated with other prostitutes and had never seen him work. She stated that on the day charged in the indictment she was separated from Delmus but that she responded to his telephone call and went to the motel in question in a taxi, carrying the locking device, where she found prosecutrix and Delmus. She stated that prosecutrix told her she had been raped and that Delmus instructed her to hand him a coat hanger which he straightened out and used to beat prosecutrix. She denied that any sexual act, normal or otherwise, occurred after her arrival. She admitted she told prosecutrix that if she continued to cry "rape" she could not be responsible for what might happen to her because of Delmus' violent and dangerous nature, and that all three parties were in the nude in the cabin together most of the night. She denied that she and Delmus were in the business of forcing women into prostitution.

■ Appellant's first contention is that the court erred in failing to instruct the jury that they might find her guilty of the lesser included offense of assault. We need not pass upon the sufficiency of the objection to call such omission to the court's attention because we have concluded that the facts did not warrant the giving of such

a charge. The assault which is the lesser included offense to the crime of rape, or assault with intent to rape, is one which is perpetrated in furtherance of the design to commit the sexual offense. Appellant admitted that she handed Delmus a coat hanger with which he committed an assault. This assault was for the sole purpose of preventing prosecutrix from making an accusation of rape after the act of intercourse brought out on cross-examination had occurred. This is a separate and independent assault and is not the type of an assault which is a lesser included offense to the rape relied upon by the State.

Appellant also contends that the court erred in failing to require the State to elect as to which act of rape they relied upon for a conviction. It should be borne in mind that the evidence shows several acts of intercourse between Delmus and prosecutrix occurring in the same bed on the same night. In such a case, no election is required. Ledesma v. State, 147 Tex. Cr.R. 37, 181 S.W.2d 705; France v. State, 148 Tex.Cr.App. 341, 187 S.W.2d 80; and Torres v. State, Tex.Cr.App., 331 S.W.2d 929.

We find no error in the court's failure to elect between a series of acts which were developed by the State and one which was developed by accused.

It is further contended that the court erred in refusing her requested charge to the effect that the force or threats employed in the charge must have been leveled at the prosecutrix prior to the act of sexual intercourse. The court's charge as given clearly told the jury that the force and threats must have been exerted prior to the commission of the offense and precluded a finding of guilt, such as appellant now suggests, upon the testimony concerning the prior rape and appellant's admissions that force and threats in which she participated were leveled against prosecutrix in an effort to stop her from reporting the rape.

We have given much thought to appellant's complaint that the State was permitted to recall the prosecutrix after the defense had rested to propound again to her some of the questions developed on direct examination. We are well aware of the danger that might lie in allowing such a practice. We fail, however, to find here such an abuse as would call for a reversal of this conviction.

Dr. Adel's testimony was so inclusive as to amount to harmless error, if error at all.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment of the trial court is affirmed.