Stanley O'CLAIR, Appellant,

v.

The STATE of Texas, Appellee.

No. 35321.

Court of Criminal Appeals of Texas.

Feb. 6, 1963.

**376**

Rex Emerson, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is statutory rape; the punishment, life.

In view of our disposition of this appeal, a recitation of the facts will not be deemed necessary other than to recite that prosecutrix testified that appellant had been having intercourse with her constantly since she was 9½ years old and until the date charged in the indictment some three years later. She stated that she had lived with him in the State of Massachusetts until some five months later prior to the date charged, when they came to Texas.

Appellant, testifying in his own behalf, denied any of the acts of which he was accused had occurred.

Appellant objected to the court's charge because the State had not been required to elect as to which act of intercourse it would rely for a conviction.

The State concedes that they are unable to distinguish this case from Bates v. State, 165 Tex.Cr.R. 140, 305 S.W.2d 366, nor are we. In Bates, the rules are fully set forth and have application here, especially in view of the fact that many of the acts proven by the State occurred outside the jurisdiction of this State. Other questions as to the court's charge will probably not arise upon another trial.

Upon the authority of Bates v. State, supra, and the authorities there cited, the judgment is reversed and the cause is remanded.