Stanley O'CLAIR, Appellant,

v.

The STATE of Texas, Appellee.

No. 37145.

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

Rehearing Denied Jan. 13, 1965.

Raeburn Norris, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is statutory rape; the punishment, life imprisonment.

This is a second appeal of the case, a prior conviction having been reversed because of the court's failure to require the state to elect upon which act of intercourse it would rely for a conviction. O'Clair v. State, 364 S.W.2d 375.

The prosecutrix, fourteen years of age at the time of trial, testified that she lived with appellant and her younger sister in the city of Houston. She had never known her mother and had grown up to consider appellant as her father. When she was about eight and a half years of age, appellant began having sexual intercourse with her. This occurred nearly every night. She stated that she did not report these acts because she was scared, appellant having told her that if she did he would kill her. On February 16, 1962, she did tell of such acts at the police station where she had been taken by the police, along with some young companions.

The prosecutrix testified that the last act of sexual intercourse which appellant had with her was on Monday (February 12, 1962), prior to the time she was picked up by the officers on Friday, February 16. She stated that on such occasion appellant took her from her bedroom to his bedroom, where he penetrated her sexual parts with his private parts. She further stated that she had never had sexual intercourse with anyone except the appellant.

It was shown that the prosecutrix was twelve years of age on February 12, 1964, and that an examination of her genital organ, on February 17, 1964, disclosed that she had a marital-type introitus.

Testifying in his own behalf, appellant stated that he met the prosecutrix's mother in Fort Worth in 1949, when the prosecutrix was three months old. They entered into a common law marriage and in 1951 the prosecutrix's younger sister was born. Three or four months later, the mother deserted the children and left them in his care. After the mother's departure, prosecutrix and her sister continued living with appellant. Appellant described in detail how he cared for the prosecutrix and her sister and swore that he had never made any sexual assault upon the prosecutrix.

Witnesses were called by appellant whose testimony supported his contention that the prosecutrix had had sexual relations with certain young boys.

The court submitted to the jury the issue of appellant's guilt of the act of sexual intercourse which the prosecutrix testified occurred in the city of Houston on or about February 12, 1962, the state having elected to rely upon such act for a conviction.

■ The jury resolved the conflict in the testimony against appellant, and we find the evidence sufficient to support their verdict.

Appellant predicates his appeal upon six points of error.

■ By points #1 and #2, appellant insists that the court erred in overruling his objection to a question propounded to the prosecutrix with reference to whether she ever wanted to live with appellant again and in refusing to instruct state's counsel to discontinue asking questions of her about a new home in which she was living with "adopted" parents.

The record reflects that prior to any objection being made by appellant, the prosecutrix testified on direct examination that she had not been home since the day she reported appellant's acts to the police and that she and her sister were living in a new home with "parents." After having so testified, she was asked if she wanted to live in this home and she answered that she did. Appellant's belated objection to the question was by the court sustained. Appellant requested the court to instruct counsel to discontinue this line of questioning, which request was refused. The prosecutrix was then asked: "Do you ever again want to live with Stanley O'Clair?," to which she answered: "No, sir." Appellant's objection to the question as being "highly improper" was by the court overruled.

Under the record showing that the prosecutrix was living in a new home with other parents, we fail to perceive any injury to appellant by the court's rulings.

■ By point of error #3, appellant complains of certain statements made by the prosecuting attorney in his opening argument to the jury, when he stated: "This child needs your help * * * Don't you know she needs your help? Don't you know that this 12-year old child who has gone through four year of hell, who is now in another home, with her little sister * * *."

The record reflects that upon objection being made by appellant to the argument and request that the jury be instructed to disregard the same, the court stated: "The jury is not required to help anybody. They will decide this case on the facts * * * The jury will determine this case from the evidence, since they are the judges of the evidence."

Under the facts presented, showing appellant's criminal assaults upon the prosecutrix, together with her tender years and plight in life, we perceive no reversible error in the argument.

■ By points of error #4 and 5, appellant insists that state's counsel committed

reversible error in attempting to offer in evidence a written statement made by the prosecutrix and in referring in his argument to the prosecutrix having testified in two previous trials and displaying to the jury a transcript of the evidence in one of the prior trials.

While the record reflects that during the examination of the witness Betty Wells it was shown that the prosecutrix had made a written statement at the police station, which statement was identified as state's exhibit #1, it was not offered in evidence nor the contents thereof made known to the jury.

■ The record reflects that proof was made before the jury, without objection, that there had been two previous trials. When state's counsel in his argument stated that the prosecutrix had "told that story three times," appellant's objection was sustained and the jury instructed to disregard the statement.

■ Although the record shows that in his closing argument state's counsel did refer to a certain document which purported to be a statement of facts of the testimony at a former trial, the contents thereof were not made known to the jury.

Points of error #4 and 5 are overruled.

■ Appellant's last point of error, #6, is that state's counsel committed reversible error in his jury argument in implying that appellant's counsel should have informed the district attorney, prior to the trial, of the evidence of other acts of intercourse by the prosecutrix rather than surprise the state at the trials.

While such argument is not to be condoned, it appears that the court sustained appellant's objection thereto and instructed the jury not to consider the same. Hence, no reversible error is shown.

The judgment is affirmed.

Opinion approved by the court.