Charles Roy STEELE, Appellant,

v.

The STATE of Texas, Appellee.

No. 49839.

Court of Criminal Appeals of Texas.

June 11, 1975.

Donald W. Keck and K. Lynn Phillips, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, John Sparling and Don Droscoll, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of rape by threats. Punishment was assessed by the jury at ten (10) years in the Texas Department of Corrections. The indictment charged rape by force, threats and fraud. The case was submitted to the jury solely on the issue of rape by threats.

## PART I

Initially, we shall consider appellant's assertion that the trial court erred in not requiring the State to elect which of the two acts of intercourse as shown by the evidence it relied upon for a conviction. Appellant contends that the two acts of intercourse occurred two hours and approximately twenty miles apart.

Briefly, the evidence shows A——— S———, the 34 year old prosecutrix, went to the Roundup Club in Dallas on the night of March 24, 1973, where she met a girl friend, Laura McGehee. While there, she became acquainted with the 29 year old appellant, who was seated at a nearby table with several other men and who told her he was a Dallas police officer. They danced several times. Upon leaving the club, it was agreed the appellant, the prosecutrix and her friend would go to a pancake house and later appellant would be taken to his car at another location. While riding alone with the prosecutrix in her car, appellant forced her to drive off the expressway and into a parking lot where his car was parked. There, he pulled a knife and told her to remove her clothes from the waist down. Appellant then had intercourse with her in the back of the car. He later displayed a pistol and handcuffed her to the steering wheel of the car and told her to drive to her apartment. Appellant followed in his car. There, after a 20 mile drive, appellant ordered her into her apartment and had intercourse with the prosecutrix in her bed some two hours after the first act of intercourse. When he fell asleep, the prosecutrix fled to her parents' apartment. The police were called and went to the prosecutrix's apartment, where they found the appellant asleep in the nude on the bed.

 As a general rule, where the indictment alleges one act of intercourse and the evidence reflects two or more acts, the State can obtain but one conviction and should, upon motion of the defendant, be

required to elect which act it will rely upon for conviction.[1] See 48 Tex.Jur.2d, Rape, Sec. 80 (Election of Acts), p. 728. Generally, the failure to require election upon such motion by the accused will require reversal. Bates v. State, 165 Tex. Cr.R. 140, 305 S.W.2d 366 (1957); O'Clair v. State, 364 S.W.2d 375 (Tex.Cr.App. 1963).[2] No election is required, however, where the evidence shows that the several acts of intercourse were committed by one continuous act of force and threats. 48 Tex.Jur.2d, Rape, Sec. 80, p. 729.

█ There can be no question that if both acts in the instant case had occurred in the back of the car or in the same bed no election would have been required. Bethune v. State, 363 S.W.2d 462 (Tex.Cr. App.1962). Although the acts were separated by the time and distance asserted, the two acts of intercourse were occasioned by appellant's continuing and intervening actions, and they were part and parcel of the same criminal transaction. We cannot conclude the court erred in refusing to require an election. See Ledesma v. State, 147 Tex.Cr.R. 37, 181 S.W.2d 705 (1944); France v. State, 148 Tex.Cr. R. 341, 187 S.W.2d 80 (1945); Torres v. State, 169 Tex.Cr.R. 113, 331 S.W.2d 929 (1960). See also McNutt v. State, 168 Tex.Cr.R. 27, 322 S.W.2d 622 (1959).

The facts of the instant case clearly distinguished it from *O'Clair* and *Bates,* relied upon by the appellant. See footnote # 1.

1. Where no motion to elect is made, the question cannot be raised for the first time on appeal. Longoria v. State, 159 Tex.Cr.R. 529, 265 S.W.2d 826 (1954).

2. O'Clair v. State, supra, held that where the prosecutrix testified she had lived with the defendant in Massachusetts before coming to Texas and that the defendant had intercourse with her constantly during some three years prior to the date charged in the indictment and many of the acts proved by the State occurred outside the State, the State should have been required to elect as to which act of intercourse it would rely upon for a conviction. In Bates v. State, supra, the 13

The remainder of appellant's grounds of error have been considered and disposed of in a per curiam opinion marked Part II. Such per curiam opinion is for the benefit of the parties, but is not for publication. It is not to be accepted or cited as authority. It does not contain any new questions of law that would add to the jurisprudence of this State.

Finding no reversible error, the judgment is affirmed.

year old prosecutrix testified the appellant, her stepfather, had commenced having intercourse with her in May, 1954, and had intercourse once or twice a week during the remainder of 1954 and all of 1955, and beginning in 1956 the number increased to three or four a week. On June 20, 1956, the on or about date alleged in the indictment, appellant had intercourse with her in his bedroom and on July 4, 1956, he had another act of intercourse with her while taking her to the doctor. Recognizing the general rule, the court reversed because the election should have been required. Ledesma v. State, 147 Tex.Cr.R. 37, 181 S.W.2d 705 (1944), was distinguished.