# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2012

No. 10-40982

Lyle W. Cayce
Clerk

JAMES LOUIS ROSE

Petitioner-Appellant

v.

RICK THALER, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent-Appellee

Appeal from the United States District Court for the
Eastern District of Texas, Sherman Division
U.S.D.C. No. 4:07-CV-445

Before DAVIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner James Louis Rose appeals the district court's denial of his petition for writ of habeas corpus based on his claim that he received ineffective assistance of appellate counsel. We affirm.

On June 20, 2002, Petitioner was convicted under Texas Penal Code 22.021 for Aggravated Sexual Assault of a Child for sexual acts he performed on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20876

his 4 year old daughter.[1]  That statute is violated when a person intentionally or knowingly:

> (i) causes the penetration of the anus or female sexual organ of a child by any means;
> (ii) causes the penetration of the mouth of a child by the sexual organ of the actor;
> (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
> (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; **or**
> (v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor

Tex. Penal Code 22.021.  (emphasis added).  The statute is written in the disjunctive, so a defendant commits this crime if he performs any of these acts.

Rose's indictment charged him in the disjunctive with one count of Aggravated Sexual Assault of a Child, essentially for performing oral sex on his victim, *or* for having his victim perform oral sex on him, *or* for sexually penetrating his victim.  At trial, at the close of the Government's case Rose's trial counsel moved for an order requiring the state to elect which act it was relying on.  The court denied the motion.  The jury was then charged that it could convict if it found beyond a reasonable doubt that Petitioner had committed any of the acts.  Petitioner's trial counsel objected to the charge.  He argued the state should be required to elect on which act it was proceeding, and that the charge allowed the jury to convict him even though the jurors may not unanimously agree he had committed any single one of these acts.  The trial court overruled the objection.  The jury returned a verdict of guilty, and Petitioner was sentenced to life imprisonment.

---

[1] Rose was also charged in the alternative with one count of indecency with a child. Because he was convicted of the aggravated sexual assault charge, the jury did not consider the indecency count.

No. 10-20876

Petitioner appealed. A different lawyer represented him on appeal. His appellate counsel argued various points of error but the Texas Fifth District Court of Appeals held that the objection to the court's refusal to require an election by the state and to the court's refusal to require a unanimous verdict on a single act was not presented sufficiently on appeal to preserve the issue.[2] The appellate court rejected Rose's other points of error on the merits and affirmed his conviction. The Texas Court of Criminal Appeals (CCA) declined his petition for discretionary review, which also did not raise the issue.

Petitioner filed a state habeas application, arguing his appellate counsel's failure to properly raise the issue constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The CCA denied the petition without comment.

Petitioner then filed a federal habeas petition asserting the *Strickland* claim, among others. The district court denied relief, holding that even if Petitioner's appellate counsel had raised the issue preserved in the trial court, he would not have prevailed in his appeal under Texas law as it existed at the time of appeal. It cited *Bethune v. State*, which held that the repeated rape of a victim was one criminal transaction requiring no election because the acts of rape occurred in the same bed on the same night. 363 S.W.2d 462, 464 (Tex. Crim. App. 1962). Petitioner appealed and was granted, by order of this Court, a Certificate of Appealability as to the *Strickland* claim.

---

[2] Petitioner's appellate counsel did assert a charge error "stemming from the trial court's failure to require the State to elect upon which of the various paragraphs under each count of the indictment it intended to rely for conviction." However, as noted by the appellate court, he argued this was an error because the trial judge instructed the jury not to consider a lesser indecency charge unless it first acquitted Petitioner of the aggravated sexual assault charge, not because it permitted a non-unanimous verdict. *Rose v. State*, 2004 WL 628841, at **2-3 (Tex.App.–Dallas 2004). On this basis, and because Petitioner's appellate counsel did not adequately brief the issue, the court found the trial objection waived and did not decide it on the merits. *Id*.

Because the *Strickland* claim was denied on the merits by the CCA, the sole issue here is whether the CCA's decision was an "objectively unreasonable" application of the clearly established federal law concerning ineffective assistance of counsel. 28 U.S.C. § 2254(d)*; Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). In reviewing a state court habeas decision unsupported by explanation, a federal court must "determine what arguments or theories . . . could have supported the state court's decision," and then ask "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the United States Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *see also Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (reiterating the "no possibility fairminded jurists could disagree" standard).

To prove ineffective assistance of counsel, a petitioner must show deficient performance and prejudice. *Strickland*, 466 U.S. at 687. To show prejudice, a petitioner must show that, but for appellate counsel's performance, there is a reasonable probability he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Regarding whether Petitioner would have prevailed on appeal had counsel argued that the charge was erroneous, it is undisputed that under current Texas law that charge would be reversible error. *See Pizzo v. State*, 235 S.W.3d 711 (Tex. Crim. App. 2007). However, at best, this issue was unsettled at the time of Petitioner's trial and appeal, in 2002 and 2004 respectively. In *Kitchens v. State*, 823 S.W.2d 256, 257-58 (Tex. Crim. App. 1991), a capital felony murder case, the jury was instructed that it could find the defendant guilty if the murder occurred while he was committing or attempting to commit the offense of robbery, or the offense of sexual assault. *Id.* at 257-58. The CCA held that the jury did not have to reach an agreement on the preliminary factual issues

4

underlying the verdict and that the jury could return a general verdict if the evidence was sufficient to support a finding of guilty under any of the alternative theories alleged in the indictment. *Id.* at 258. The CCA stated:

> [A]lternate pleading of the differing methods of committing one offense may be charged in one indictment[, and] . . . it is proper for the jury to be charged in the disjunctive. It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. . . . [T]here is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.

*Id.*

A similar version of this rule was recognized in sexual assault cases where multiple acts were alleged to have occurred as part of a single incident. See *Bethune*, 363 S.W.2d at 464. This rule was summarized by the CCA in *O'Neal v. State* as follows:

> The general rule is that where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction. An exception to the rule is where several acts of intercourse were committed by one continuous act of force and threats, and are part of the same criminal transaction.

746 S.W.2d 769, 771 (Tex. Crim. App. 1988) (internal citations omitted). The CCA concluded that because *O'Neal*'s indictment charged that "numerous repetitions of sexual acts" occurred "over a considerable period of time," the state was required to elect which act it relied on; it classified this as a "single count, multiple transactions" case. *Id.* at 772. The court nonetheless upheld the defendant's conviction because it found the error to be "harmless." *Id.* It found that, though evidence of multiple sexual acts over several years was presented, "it was clear" from the way the state argued that it was relying for conviction on

No. 10-20876

one act committed on a single night, so "the delay in the election did not embarrass the accused by leaving him in doubt as against which offense he would be called upon to defend." *Id.* (internal quotation omitted).

Similarly, in *Francis v. State*, the CCA vacated the conviction of a defendant charged with a single count of indecency with a child for touching his victim's breast or genitals in separate incidents. 36 S.W.2d 121, 122 (Tex. Crim. App. 2000). The court carefully pointed out that the state introduced evidence of four different acts of indecency committed during four separate incidents; "[t]here was never a single incident alleged in which the appellant touched both the breasts and the genitals of the victim." *Id.* at 124. At trial, when the defendant requested that the state be required to elect, the state proceeded on two separate incidents, one in which the defendant touched the victim's breast, and another in which he touched the victim's genitals. *Id.* The trial court refused to require the state to elect between these two incidents. *Id.* The CCA found that "[t]hese incidents constitute two separate offenses" which it was improper to charge in the same count, and vacated the conviction. *Id.*

Here, Petitioner first argues that an election by the state was required because the evidence "clearly shows that the alleged offenses did in fact occur at different times and location." Petitioner points to the following evidence:

> The Child Protective Services Investigator testified that the case could have been prosecuted in Collins County and / or Johnson County, Texas, because her investigation led her to believe the assaults took place in two locations. The babysitter testified that the victims told her the assault happened at the "new house." The victim testified that the assault occurred at the "old house."

The trial court and the federal district court here disagreed with Petitioner's interpretation of the record. They noted that the victim – who testified when she was 5 years old – never testified that the acts were performed on her at different times or locations, or that they occurred during more than one incident. The

trial court also noted that the indictment did not charge multiple assaults over multiple dates, and the Government did not argue such at trial. For these reasons, it found that the record did not support Petitioner's argument that the acts occurred in separate incidents.

Our review of the record leads us to conclude that the CCA reasonably could have agreed with the trial court's assessment of the record in denying Petitioner's habeas petition. The evidence pointed to by Petitioner is the unexplained speculation of a single investigator, and an easily explainable inconsistency between the victim and a witness who was relating what she said the victim had told her previously. The victim's testimony does not support multiple incidents, and the Government did not argue such at trial. These are all factors that could have led the CCA reasonably to conclude that the evidence did not support Petitioner's argument that the acts occurred in separate incidents.

Second, Petitioner argues that even if the different acts occurred as part of a single incident, Texas law at the time required the state to elect which incident it would rely on, or alternatively that to convict the jury should have been instructed to unanimously find the state had established that the defendant committed at least one of the alleged acts.[3] In our view, Texas law at

---

[3] He argues this on the basis of the cases discussed above, as well as *Vick v. State*, 991 S.W.2d 830 (Tex. Crim. App. 1999) and *Huskey v. State*, 2000 WL 1033075 (Tex. App.–Dallas 2000) (unpublished). *Vick* was a double jeopardy case where the state charged a defendant with one count of sexual assault based on multiple acts but elected to proceed on the basis of only one act at trial, and the defendant was acquitted. The court ruled that the state could charge him with a new count of sexual assault on the basis of a different act and not violate the double jeopardy clause. In *Huskey*, a child alleged her stepfather molested her nightly in different ways for two years. 2000 WL 1033075 at *1. While the trial court charged the jury that it had to find at least one of the charged sexual acts occurred on a single night, the appellate court noted that "the State did not focus on a particular incident to support the conviction" but "argued that [the victim] was the victim of chronic sexual abuse." *Id*. at *2. Accordingly, the court found that an election should have been required, that the disjunctive charge was improper, and vacated the conviction.

No. 10-20876

that time was at best unclear as to whether appellate counsel would have prevailed had he argued either the election or the unanimous verdict issue.  As demonstrated by the above discussion of Texas case law at the time of the appeal, the prevailing view was that unless the evidence reflected that the numerous sexual acts that the defendant was charged with committing were committed on separate occasions, the state was not required to elect, and the court was not required to instruct that the jury must unanimously agree that a single act was committed.  Counsel perhaps should have anticipated that the case law was moving in the direction ultimately settled on by the CCA in *Pizzo*.  However, the CCA reasonably could have concluded that, to be constitutionally effective, counsel was not required to anticipate the court would adopt this view.

We therefore agree with the district court that the state court's denial of relief to Petitioner was not unreasonable.  See *Richter*.  131 S.Ct. at 787.

AFFIRMED