ACCEPTED
03-13-00490-CR
5676179
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 1:11:22 PM
JEFFREY D. KYLE
CLERK

# CAUSE NOS. 03-13-00490-CR; 03-13-00491-CR; 03-13-00492-CR; 03-13-00493-CR &  03-13-00495-CR

## IN THE COURT OF APPEALS,
## THIRD SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 1:11:22 PM
JEFFREY D. KYLE
Clerk

_____

## GERALD CHRISTOPHER ZULIANI
### Appellant
## VS.
## THE STATE OF TEXAS

_____

**Cause Nos. D1DC12-100127, 12-900269, 13-900010, 13-900011 & 13-900137,**
**Travis County, Texas, 167th District Court, Honorable,**
**P. David Walberg, presiding**

---

# APPELLANT'S MOTION FOR REHEARING

Christopher P. Morgan
State Bar No. 14435325
3009 N. IH 35
Austin, Texas 78722
(512) 472-9717 FAX:  472-9798
ATTORNEY FOR APPELLANT

1

**CAUSE NOs. 03-13-00490-CR; 03-13-00491-CR; 03-13-00492-CR; 03-13-00493-CR & 03-13-00495-CR**
**IN THE COURT OF APPEALS, THIRD SUPREME JUDICIAL DISTRICT**
_____

**GERALD CHRISTOPHER ZULIANI**
**Appellant**
**VS.**
**THE STATE OF TEXAS**
_____

**Cause Nos. D1DC12-100127, 12-900269, 13-900010, 13-900011 & 13-900137,**
**Travis County, Texas, 167th District Court, Honorable, P. David Walberg, presiding**
_____

**APPELLANT'S MOTION FOR REHEARING**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, GERALD CHRISTOPHER ZULIANI, appellant, and files

this motion for rehearing in this appeal, and shows:

**I. ON POINTS OF ERROR NO. FOURTEEN to SEVENTEEN: the Court did not address the arguments in Appellant's Brief and made at oral arguments on failure of proof on the alleged prior conviction required under Sec. 22.01(b-1), erred thereby, and erred in how it disposed of these _Points of Error_.**

This Court treats _Point of Error No._ Fourteen as only raising a claim

of error in the jury charge. _See_, _Page_ 24-27.  Appellant argues this is incor-

rect.  First, this _Point_ does not mention the jury charge, or limit itself to

charge error.  It simply states the trial court erred in convicting appellant of

2

"assault strangulation-enhanced, 22.01(b-1), *[Tex.]Penal Code*…"[1]  No.

Sixteen, in contrast, expressly raised fundamental jury charge error, stating

"The trial court committed fundemental (sic) jury charge error in Cause No.

D-1-DC-13-900011, the assault strangulation case." *See also*, *Point of Error*

No. 17.  There was no reason to state that that point dealt with the jury

charge if No. 14 was limited to the jury charge, as that would be duplicitous.

Second, the argument in the Brief on this covers both evidence

sufficiency and charge error.  While appellant did make an argument about

the jury charge, he also argued - as he expressly put it during oral arguments

- this is simply a failure of proof.

> "But, **the jury charge completely omits the last essential element** [previous conviction of offense listed in Sec. 22.01(b-1)] in both the abstract or application paragraphs. See, Appendix ___. Thus, the jury was not required to find and did not find this element.

> Further, the charge for Cause no. D-1-DC-13-900010, also called "Indictment No. 4" in the charge, expressly precludes the **only** prior conviction on which evidence was admitted from being considered for this cause:  "You may consider this evidence **only regarding the Indictment No. 4 and for no other purpose**." CR-__.

> Thus, **the highest conviction the jury could possibly render** in this cause was that in Sec. 22.01(b)**(2)(B)**, which is the offense without the specific prior conviction required.  That is only a **third**

---

[1] POINT OF ERROR NO. FOURTEEN : THE TRIAL COURT ERRED IN CONVICTING APPELLANT IN CAUSE NO. D-1-DC-13-900011 OF "ASSAULT STRANGULATION-ENHANCED, 22.01(b-1) [*TEX*.] PENALCODE, 1ST DEGREE FELONY".

3

degree felony.  The conviction must be set aside and an acquittal entered."

*Brief for Appellant* at 134-135(emphasis in original).

Third, appellant also argued that there was no stipulation to the essential element of the prior in this cause and no evidence on which the jury could find it, because the stipulation was expressly limited to a different cause (D-1-DC-13-900010) and the charge correctly precluded the jury from using the stipulation in that cause for this cause.  He specifically argued this was not merely a jury charge or Almanza v. State, 686 S.W.2d 157(Tex. Crim.App.1985), issue.  He also directed this Court to the part of the record where the stipulation was entered: RR12-12-14.

While not the most elegant, this should have been adequate to raise sufficiency of the evidence on this element.

Alternately, appellant asks the Court to hold this *Motion for Rehearing* sufficient for review of legal sufficiency on this element. *See*, Rodriguez v. State, 129 S.W.3d 551, 562-564(Tex.App.-Hou[1st]2003) pet. ref'd(Supplemental opinion on motion for rehearing).

This is a legal sufficiency issue.  It therefore involves fundamental due process. Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151(June 17, 2013); In re Winship, 397 U.S. 358, 364(1970).  The record makes it

clear it is only stipulated and admitted in Cause No. D-1-DC-13-9000**10**,
not in the strangulation case (Cause No. D-1-DC-13-9000**11**).  After the
State read the indictment in D-1-DC-13-9000**10** before the jury and
appellant pleaded "not guilty", the Court informed the jury of the stipulation
to the prior conviction. RR12-12-13.  Defense counsel interjected:

> "MR. BAIRD: Excuse me, Judge.  And it is limited to the previous
> indictment read and only that indictment.
>
> THE COURT: That is correct.  This stipulation of fact only applies to
> the allegations in that indictment.
>
> MS> BOOKER: Which ends in – I'm sorry, which ends in 13-
> 9000**10**."

RR12-14.  The State did not demur or object and in fact agreed to it being
so limited.  The State then read the indictment in the aggravated assault
case, and after that read the indictment in the strangulation case D-1-DC-13-
9000**11**) and appellant pleaded 'not guilty' to that. RR12-14-16.

Thus, **there was no stipulation to the prior in this cause**, so the
State still bore the burden of proving it beyond reasonable doubt. *See*,
Bryant v. State, 187 S.W.3d 397(Tex. Crim.App.2005).  But, there is also
**no evidence at all** admitted in D-1-DC-13-9000**11** to prove this element,
and the jury charge correctly instructed the jury that it could not consider
the stipulation admitted in the other cause.  Hence, the State simply failed to

prove it. *See and cf.*, Killebrew v. State, No.05-13-01511-CR(Tex.App. Dallas, March 16, 2015); Cooper v. State, 363 S.W.3d 293, 296(Tex.App.-Texarkana2012P pet. ref'd; Henry v. State, 331 S.W.3d 552, 555-56(Tex. App.-Hou[14th]2011) no pet.; Martin v. State, 200 S.W.3d 635, 640 n.18 (Tex.Crim.App.2006).

Further, this Court also erred in how it dealt with the jury charge error. Counsel submitted a letter addendum that cited Alleyne, holding that the U.S. Constitution requires that this essential element, which raises the degree of the offense and minimum punishment, must be submitted to and found by the jury when trial is to same. The decision was handed down 6 days before trial.

Under this charge the jury did not, and could have, found **either** essential element of a required prior or the impeding element. Without one or the other, however, the offense submitted to the jury is only a class A misdemeanor. That is, the degree of the offense was elevated to a felony without the jury ever being required to find **any** legal basis for that, in violation of the 6th Amendment and due process clause of the U.S. Constitution (and presumably Art. I, Secs. 10 and 19 of the Texas Constitution). This Court apparently impliedly finds one of those. But, under the Constitution, the jury must make that finding and it must be express, not implied.

In addition, this seems to be the situation that would have been held egregious harm in <u>Martin</u>:

> "Appellant's only 'egregious harm' argument is that '[i]f the jury simply finds [him] guilty of driving or operating a motor vehicle in a public place while intoxicated under the charge given, they would be convicting him of a first offense DWI…' Indeed, that would be true if: (1) appellant had not stipulated to the two prior convictions; and (2) the State had, in the absence of a stipulation, failed to offer any proof of those prior convictions."

200 S.W.3d at 642.  It **is** true in appellant's case.

Moreover, the Court holds that because appellant stipulated to this prior **in a different cause** "the error did not affect 'the very basis of the case'[]  This case was about strangulation, not about a prior conviction." But, <u>Alleyne</u> makes it clear that under the 6th Amendment and due process clause of the U.S. Constitution it was **also about "a prior conviction."**  Further, there is otherwise no purpose to appellant's stipulating in one cause but not the other.  Trial of different offenses requires different evidence for each.  The offense in D-1-DC-13-9000**10** was only a 3rd degree and sentence enhancement only made it a second, with maximum punishment of 20 years, while D-1-DC-13-9000**11** was a second degree, which sentence enhancement raised to a 1st with 99 years or life.  But, without the prior, it was only another 3rd degree.  Defense trial counsel deliberately limited the stipulation

to the former, to the point he expressly highlighted that during the reading of the indictment and plea and again in the charge.  The State was certainly aware the stipulation was so limited - expressly noting it during the reading of indictment and stipulation - and was free to seek to prove the prior in this cause if it so desired.

Finally, the Court should decide the issue it expressly declined to in n.6: whether the prior is an essential element under Sec. 22.01(b-1).  If it is, then the failure to prove it is *ipso facto* actual, egregious harm.  Since this Court last addressed it, at least two cases not cited in n.6 have apparently found it an essential element in context of stipulations. *See*, Davila v. State, 346 S.W.3d 587, 591-593(Tex.App.-2009) no pet.; Bishop v. State, No.02-10-00319-CR(Tex.App.-Fort Worth, January 19, 2012)[unpublished].

Alternately, under Alleyne this is an element that increases the degree of and minimum punishment for the offense and so must be determined by the jury, even if not jurisdictional in the traditional sense.

**II. ON POINTS OF ERROR NOS. ONE AND TWO: Sufficiency of evidence on aggravated kidnapping.**

As noted at oral arguments, the State and defense tried the cases, and expressly argued them to the jury, on four different theories of when the kidnapping occurred: on Sunday beginning when she ran out of the house,

on Monday, Tuesday, and Wednesday until she left Thursday morning. RR 15-51-52, 84-87, 94-112. The Court disposed of this point by adopting the State's new argument, raised for the first time on appeal, that it did not occur at any of those times, but before the first, by allegedly 'directing' her to move, shower, etc. and making her fear while striking her with the weapons alleged in the charge. As appellant argued, that is a theory no one at trial advanced, argued or relied on and which seems to contradict what the State did argue and advance at trial.

The Court's holding appears to create a double jeopardy problem: The same criminal act(s) used to sustain the aggravated kidnapping would have been the basis the jury used to convict of aggravated assault. The Court's construction limits the aggravated kidnapping to use of the alleged deadly weapons, the only acts on which the jury was authorized to convict of aggravated assault. There was no election on either charge. The jury charge instructed them to return a general verdict. Further, it appears to make the aggravated assault a lesser included offense of the aggravated kidnapping on the jury charge given: conviction for aggravated assault (i.e., use of a deadly weapon and "did cause bodily injury") produces conviction for aggravated kidnapping with only addition of one element (restraint).

**III. ON POINTS OF ERROR NO. FOUR AND FIVE: Denial of the motions for election in Cause Nos. D-1-DC-12-100127 (AGGRAVATED ASSAULT CASE) and D-1-DC-12-900269 (AGGRAVATED KIDNAP-PING CASE), in that the Court did not address appellant's arguments in his brief and at oral arguments relating to the 'same criminal transaction' rule.**

The Court overruled these *Points of Error* holding the trial court "did not err in refusing to order the state to elect" because "all of the alleged acts constituting aggravated assault were part of one criminal transaction and that all of the alleged acts constituting aggravated kidnapping were part of one criminal transaction" and "an election is not required when the defendant's criminal acts were 'part and parcel of the same criminal transaction', relying on Steele v. State, 523 S.W.2d 685(Tex.Crim.App.1975). In doing so, it did not address appellant's arguments on this made in the brief and at oral arguments, and appears to have erred as follows:

First, as appellant argued in his Brief and re-iterated at oral argument:

"The 'exception in Steele v. State,[], if still valid, does not apply: it applies when it is a 'conduct', not 'result', offense and the acts constituting that 'conduct' offense are "part and parcel of the same criminal transaction". Figueroa v. State, 250 S.W.3d 490, 507(Tex. App.-Austin2008) pet. ref'd.[23]

_____

[23]/ Steele held there was single offense when defendant sexually assaulted victim in a car, forced her at gunpoint to drive 20 miles to her apartment and then again assaulted her "some two hours after the first act of intercourse." *Id*. at 686. It has since been made clear that each act of intercourse is a separate offense for which separate convictions may be had. *See*, Loving v. State, 401 S.W.3d 642(Tex.Crim. App.2013); Vick v. State, 991 S.W.2d 830(Tex.Crim.App.1999). If the 'exception' survives, it can be for conduct-oriented offenses only, without result-

oriented elements. *Cf.*, <u>Jackson v. State</u>, No. 10-07-00129-CR&10-07-00134-CR(Tex.App.-Waco, September 3, 2008)[unpublished]."

*Brief for Appellant*, at 58. Appellant also argued this at oral arguments. Aggravated assault is a 'result', not conduct, crime. *See*, <u>Landrian v. State</u>, 268 S.W.3d 532, 536(Tex.Crim.App.2008); <u>Gonzales v. State</u>, 191 S.W.3d 741, 749(Tex.App.-Waco2006) pet. ref'd.

Second, as appellant also argued, the Court's reliance on <u>Steele</u>, et. al., seems contrary Court of Criminal Appeals cases construing and applying those cases. <u>Phillips v. State</u>, 193 S.W.3d 904 (Tex.Crim.App.2006), rejected applying <u>Steele</u> stating:

> "This court has previously held, however, that Steele applies only where the evidence shows that several acts of intercourse were committed by **one continuous act of force or threats** that are 'part and parcel of the same criminal transaction.'"

193 S.W.3d at 910. The evidence does not show the alleged assault or alleged use of weapons in the alleged kidnapping was "**one continuous act of force or threats**." These indictments alleged use of 4 different 'deadly weapons'("hand or hands, a metal rod or rods, a wooden object, or a cane"). In determining whether elections should have been ordered, the Court must look at all the evidence without a prism. There was evidence as follows: That the alleged use of the first began shortly after midnight and the last not until sometime during the day, at least 7 hours later. The use of a weapon

11

that causes bodily injury, with requisite intent, is an offense. That offense is complete when the injury occurs. If another weapon is later used to cause additional or different bodily injury that is a separate offense for purposes of election. *See and cf.*, Johnson v. State, 364 S.W.3d 292, 298 & n.45(Tex. Crim.App.2012); Gonzales, 191 S.W.3d at 748; *Brief for Appellant*, at 56-58, and other cases discussed threat. The alleged acts that could constitute force and/or threats where not continuous, but discrete incidents in different locations with significant time and intervening events between the end of one and beginning of another.

The Court concluded "there is no clear break in the assault", but there is plenty of evidence from which the jury could have found the alleged use of one weapon was separated by hours and location from another for each. That the Court finds "a single guilty intent ran through and connected" these no more makes them "one continuous act of force or threats" than "a single continuous intent to sexually abuse a child" makes separate acts of intercourse separated by some time and in different places "one continuous act". Otherwise, there could not be multiple convictions in such cases, yet there can be. *See*, Love v. State, 401 S.W.3d 642(Tex.Crim.App.2013).

Third, the Steele rule, at least as applied here, seems in conflict with

the 'allowable unit of prosecution' rule. The 'allowable unit of prosecution' rule defines how many criminal acts and offenses occur during a 'transaction' and thus may result in a conviction and sentence without offending jeopardy. *See*, Garfias v. State, 424 S.W.3d 54(Tex.Crim.App.2014). The allowable unit of prosecution for aggravated assault is defined by causing bodily injury while using a deadly weapon, so each bodily injury thus caused is a separate offense. *See*, Johnson and Gonzales, both *supra*; *Brief for Appellant*, at 56-58, and other cases discussed threat. Further, one of the primary purposes of election is to ensure jury unanimity. But, jury unanimity and double jeopardy "address the same basic question". Gamboa v. State, 296 S.W.3d 574, 583(Tex.Crim.App.2009).

Thus, appellant argued, the proper measure for election is not 'transactions' but 'criminal acts'. That is necessary to reconcile double jeopardy and jury unanimity law with election law. As observed at oral arguments, the Steele 'doctrine' appears to be a vestige of the long rejected 'carving doctrine'. Thus, Crocker v. State, 573 S.W.2d 190(Tex.Crim.App.1978), on which this Court relies, begins its discussion by quoting language in Vannerson v. State, 408 S.W.2d 228, 229(Tex.Crim.App.1966) stating the carving doctrine ("… 'the court instead of compelling an election may submit each of the courts to the jury with the instruction that a conviction

could be had on only one of them.[]  No double jeopardy problems are extant with this type of submission because the jury returns either an acquittal or a verdict of guilty on one count only.") 573 S.W.2d at 197.

The 'carving doctrine' was abolished in Ex parte McWilliams, 634 S.W.2d 815(Tex.Crim.App.1982)(On reh'g).  It is now settled that multiple convictions can be had from a single transaction, even if alleged in a single count. *See*, Martinez v. State, 225 S.W.3d 550, 554(Tex.Crim.App.2007); Johnson v. State, 364 S.W.3d 292, 298 & n.45(Tex.Crim.App.2012). Garfias, *supra*, rejected a rule that would prohibit more than one offense because there was "one continuous assaultive act".  This 'Steele rule' produces the absurd result of denying notice, delineation of and protection from extraneous offenses and/or jury unanimity because the separate acts resulting in different bodily injuries were held to arise in a "single criminal transaction", but allowing multiple assault convictions on the same facts.

Fourth, the State and defense tried the cases, and expressly argued them to the jury, on four separate theories of when the kidnapping occurred, beginning when she ran out of the house Sunday and on each day after. RR 15-51-52, 84-87, 94-112.  The way this Court resolves the sufficiency issue creates a fifth theory, which no one at trial advanced, argued or relied on.

Fifth, Steele and the cases applying it appear to consistently hold it does not apply where the claimed single 'criminal transaction' covers more than one day. Thus, Phillips at n.33 cites as applying Steele the cases of Bethune v. State, 363 S.W.2d 462, 464(Tex.Crim.App.1962), where "the acts of intercourse occurred… in the same night", and Ledesma v. State, 181 S.W.2d 705, 707(Tex.Crim.App.1944), "where several acts of sexual intercourse were accomplished by one continuous act of force and threats in one day". Figueroa, which this Court cites, characterized the second act of intercourse in Steele as occurring "some two hours after the first act…" 250 S.W.3d at 506. In contrast, in Crawford v. State, 696 S.W.2d 903, 904-905 (Tex.Crim.App.1985), the evidence showed acts of intercourse on September 18, 19, 20, 21, 23, 26 and 27. The trial court refused to "require the State to elect between September the 18th or the 17th" or within a period from the 18th to the 29th. The Court of Criminal Appeals reversed holding "these acts were not part of one continuous course of conduct." Appellant's motions on kidnapping specifically raise the multiple days. RR14-22-223.

The State did not limit its proof of aggravated kidnapping to one day. Rather, it introduced evidence it alleged, and argued that to the jury, proved it occurred on any of 4 days. *See e.g.,* RR16-50-52, 54; *Brief for Appellant.* Running testified he kidnapped, used force, "did inflict bodily injury" and

"did torrorize her" on each day. See, *Brief for Appellant*, at 61-69.  But, whatever acts the jury might have relied on, they were not and could not have been continuous during those 4 days (or even between 2) because *inter alia* he was asleep for many hours on each day, away from her, in different parts of the house, not interacting, etc.  This Court said only

> "Similarly, the jury found that Zuliani abducted Running by using or exhibiting a deadly weapon.  Every use or exhibition of a deadly weapon occurred on Sunday in a connected sequence of events."

But the jury also returned specific verdicts that he "did inflict bodily injury" as well as "did terrorize her".  The jury charge did not limit them to deadly weapon, and they did not so limit their verdicts.  Whether refusing to order election was error is not determined from what verdict the jury returned, long after election should have been ordered.  Rather, consistent with the purposes of election (notice, preventing inadmissible extraneous offenses, ensuring jury unanimity) it is determined from the evidence and allegations at the close of the State's or both side's cases.

## PRAYER FOR RELIEF

For the reasons set forth above, Appellant prays the Court grant this motion for rehearing and the relief requested therein, and the relief relevant-ly requested in his Brief.

16

RESPECTFULLY SUBMITTED,

/s/ Christopher P. Morgan
Christopher P. Morgan
State Bar No. 14435325
3009 N. IH 35
Austin, Texas 78722
(512) 472-9717 // FAX: 472-9798
ATTORNEY FOR APPELLANT


**CERTIFICATE OF SERVICE:** I, Christopher P. Morgan, certify a true and correct copy of this Motion was served on the Office of District Attorney for Travis County, Texas on June 15, 2015, by hand or mail to P.O. Box 1748, Austin, Texas 78767.

/s/ Christopher P. Morgan
Christopher P. Morgan


**CERTIFICATE OF WORD COUNT:** I, Christopher P. Morgan, hereby certify the word count of this brief, excluding matters in *Tex.R.App.Proc.,* Rule 9.4(i)(1), is about 3,360.

/s/ Christopher P. Morgan
Christopher P. Morgan